## DE SOTO PLANTATION COMPANY *v.* HAMMETT.

When a petition in one paragraph alleges that the defendant "is indebted" to the plaintiff "upon an open account," setting forth a copy thereof, and in another paragraph alleges that, although the account is past due, the defendant refuses to pay the same, an answer which in terms specifically denies all the allegations in these paragraphs is good, and ought not to be stricken on demurrer.

Argued May 19, — Decided June 5, 1900.

Complaint.    Before Judge Littlejohn.    Sumter superior court.    November term, 1899.

*W. A. Dodson* and *Ansley & Ansley*, for plaintiff in error.
*E. F. Strozier* and *Shipp & Sheppard*, contra.

LEWIS, J. This was a suit brought in the superior court of Sumter county, by J. L. Hammett against the DeSoto Plantation Company, upon an open account. The petition of the plaintiff contained three paragraphs. In the first it was stated that the DeSoto Plantation Company was a corporation under the laws of Georgia, doing business and having its principal office in Sumter county, Ga. The answer of defendant admitted the truth of the allegation in the first paragraph. The second paragraph charged that defendant was indebted to petitioner in the sum of $708.13 on an open account, besides interest, a copy of which was attached, marked Exhibit A. The third paragraph charged that, although said amount was long past due, defendant refused to pay the same, or any part thereof. In the second paragraph of defendant's answer he expressly denied the allegations contained in paragraphs two and three of plaintiff's petition. Upon the call of the case for trial, it was, upon motion of plaintiff's attorney, ordered by the court that the answer filed by the defendant be stricken as insufficient; to which ruling plaintiff in error excepts.

Civil Code, § 5051, declares: "In all cases when the defendant desires to make a defense by plea or otherwise he shall therein distinctly answer each paragraph of plaintiff's petition, and shall not file a mere general denial, commonly known as the plea of 'general issue.' He may in a single paragraph deny any or all of the allegations, or in a single paragraph admit any or all of the allegations in any or all of the paragraphs of the petition." That is exactly what the defendant did in this case. This was simply a suit upon an open account, and defendant pleaded in answer to each paragraph thereof. The first paragraph is admitted. It charges no liability whatever on the defendant. The second and third paragraphs simply charge liability upon defendant on an open account, and it, in the second paragraph of its answer, simply denies the truth of these allegations. Its denial would not have been more specific and more definite in reply to plaintiff's charges, if it had undertaken to have gone further into detail, and explained why it

was not liable on plaintiff's demand.    The code itself gives it
the privilege of denying in a single paragraph any or all the
allegations in any or all of the paragraphs of plaintiff's petition.
This case is quite different from those relied upon by counsel
for defendant in error, where this court has decided, in effect,
that a plea of the general issue to a suit upon a promissory
note, which set up no legal defense, was properly stricken upon
demurrer.    Such was the effect of the rulings in *Johnson* v. *Cobb*,
100 *Ga.* 139; *Lester* v. *McIntosh*, 101 *Ga.* 675.    The case of
*Woods* v. *Roberts*, 97 *Ga.* 254, was a proceeding to foreclose a
mortgage under the provisions of the pleading act of 1893.    It
was held that " a plea of not indebted, though supplemented
by the allegation that the mortgage 'was obtained by fraud on
the part of the plaintiff,' without alleging the particular fraud-
ulent acts relied upon to defeat a recovery, is not such an issu-
able defense as prevents the granting of a rule absolute; and
therefore the court did not err in striking such plea."    It will
be seen that these decisions involved suits upon written and
unconditional contracts in writing.    In a suit, for instance,
upon an unconditional promissory note, or upon a foreclosure
of a mortgage securing an unconditional demand, we can not
conceive of how any evidence could be introduced in behalf of
a defendant simply upon a plea of the general issue.    This
certainly would not cover a plea of failure of consideration, or
of payment, or of non est factum, or any other defense which
would be available against suits of this character.    But this is
not true where there is simply a suit upon an open account,
especially when the defendant specifically replies to allegations
in each paragraph of plaintiff's petition.

In the case of *Smith* v. *Holbrook*, 99 *Ga.* 256, cited and relied
upon by counsel for defendant in error, it was decided that a
plea simply of the general issue does not in law amount to a
denial of averments distinctly and plainly made in plaintiff's
petition, and all such averments not otherwise denied are to be
taken as prima facie true.    It was accordingly held in that case
that where the action was upon an open account, with appro-
priate allegations, a plea of the nature above indicated raised
no issue as to the correctness of the amount of the account sued
upon.    We have examined the record in that case, and the pe-

tition is set forth in paragraphs. The first paragraph of the petition specifically charges that defendant is indebted to petitioners on an account. A copy of the account itemized is attached to the petition. In answer to this paragraph in the petition the defendant simply alleges: "The general issue. Defendants say they are not indebted to the plaintiffs in manner and form as they have alleged, and of this they put themselves upon the country." The defendant nowhere in his answer undertook to specifically deny the allegations of plaintiffs' petition as to his particular indebtedness on the ·special account therein referred to, but he simply filed a general denial, commonly known as the plea of the general issue, which by the Civil Code, § 5051, is prohibited; but that very same section provides that he may, in a single paragraph, deny any or all of the allegations, or in a single paragraph admit any or all of the allegations in any or all of the paragraphs of the petition. As we have already stated, this the defendant has literally done in the present case; and had the defendant in the above-cited case complied with the same rule, and specifically denied the allegations in the first paragraph of plaintiffs' petition, we think this court would have held that it would have been amply sufficient to have put the plaintiffs upon proof of their claim. We are unwilling to extend the ruling announced in the case last cited further than is required by the facts in that particular instance. Literally that decision conforms to the statute, but no more so than the decision in this case conforms to another provision in the same statute. There may be no reason for such a distinction; but a sufficient reply to this is, thus is the law written. The effect of the answer filed in this case is to deny every fact alleged by plaintiff upon which he relies for a recovery, and his suit not being upon a contract in writing, but simply upon an open account, and the defendant having complied with the requirement of the statute in its answer, that was necessarily sufficient to cast upon the plaintiff the burden of making proof of his demand. In the case in 99 *Ga.* the defendant adopted a form of pleading expressly forbidden by law. In the case now here he answered in the manner which the statute prescribes.

*Judgment reversed. All concurring, except Fish, J., absent.*