### OCEAN STEAMSHIP COMPANY v. ANDERSON, ex'r.

1. An answer averring that the defendant " denies all the allegations of each paragraph of both counts of the [plaintiff's] petition" was good, and it was erroneous to strike such answer " upon the ground that the same was substantially a plea of the general issue."

2. Where a trial judge, because erroneously of the opinion that there was nothing in an original answer to amend by, refused to allow a meritorious amendment thereto, and the case is by this court remanded for a rehearing upon another ground, direction will be given that the court below can pass upon the question of allowing such amendment, without regard to the reason on which the original ruling with respect thereto was based.

Argued February 1, — Decided February 28, 1901.

Trover.    Before  Judge  Norwood.    City  court  of  Savannah.
May 17, 1900.

*Lawton & Cunningham,* for plaintiff in error.
*Charlton, Mackall & Anderson,* contra.

LEWIS, J.    To the November term, 1896, of the city court of
Savannah, Joseph J. Wilder, trading under the name of Wilder &
Co., brought an action of trover against the Ocean Steamship Com-
pany for the recovery of certain cotton.    To this suit, besides a
special plea of partial payment, the. defendant filed a plea in terms
as follows:    "And now comes the defendant by its attorneys at
law, Lawton & Cunningham, and, answering the petition in the
above-stated case, denies all the allegations of each paragraph of both
counts of the petition."    Upon these pleas the case went to trial,
and a verdict was rendered against the defendant.    This verdict was
set aside upon writ of error to this court, and a new trial ordered.
See *Ocean Steamship Co.* v. *Wilder & Co.,* 107 *Ga.* 220.    When the
case came on for trial a second time at the May term, 1900, of the
court below, the plaintiff moved to strike the plea which has been
quoted, claiming that it was a plea of the general issue, and as such
not allowable.    The court sustained this motion and struck the plea
objected to, refusing to allow the defendant to file an amendment,
on the ground that there was nothing by which to amend.    It does
not appear that the case was ever marked in default.    The plain-
tiff,. admitting the plea of partial payment, submitted evidence of
his unliquidated damages, and the court upon motion thereupon di-
rected a verdict for the plaintiff for the amount so proved.    To the
rulings of the court striking its answer, refusing to allow its amend-
ment, and directing a verdict for the plaintiff, defendant excepted.
Wilder having died, the case proceeded here in the name of his ex-
ecutor, Anderson.

1. It was error for the court to strike the original plea of de-
fendant on the ground that it was a plea of the general issue.    This
plea is exactly in conformity with the act of 1895, as codified in
section 5051 of the Civil Code, which declares that the defendant
"may in a single paragraph deny any or all of the allegations . .
of the petition."    The petition in this case was set forth in two counts,
each count containing several paragraphs.    The answer expressly
denied all the allegations of each paragraph of both counts of the

petition, in accordance with the right granted in the section of the code to which we have alluded. This question is expressly decided in the case of *DeSoto Co.* v. *Hammett*, 111 *Ga.* 24. It is true that was a suit upon an open account, but the present case is an action of trover and in no sense a suit upon an unconditional contract in writing; so the same principle would apply. There is quite a difference between the plea of the general issue, which our law prohibits, and the form of plea laid down in the act of 1895, which was followed by the defendant in this case. The plea of the general issue denies no special allegation of the petition. It is simply a conclusion of the pleader that he is not indebted in manner and form as alleged. On the other hand, a denial of the allegations of the petition, whether made in a single sentence or in as many sentences as there are paragraphs in the petition, is specific in its nature, and meets the objections to a plea of the general issue by reducing to an issue each allegation made by the petition.

2. The amendment which was disallowed by the court set forth allegations in accordance with the ruling made by this court when the case was here before (107 *Ga.* 220), and was consequently a meritorious amendment. The ruling of the court was made upon the erroneous idea that there was nothing in the original answer of the defendant by which to amend. This was error. Direction is given, however, that upon the next hearing the court below can pass upon the question of allowing such amendment, without regard to the reason on which the original ruling with respect thereto was based.

*Judgment reversed, with direction. All the Justices concurring except Simmons, C. J., and Cobb, J., absent.*