## MOORE *v.* AMERICAN NATIONAL BANK.

Where suit is filed in the municipal court of Macon on an itemized account duly sworn to, and where in due time the defendant files an unsworn answer denying specifically the paragraphs alleging indebtedness, and where during the appearance term, which is also the trial term, the plaintiff files a general and special demurrer challenging the sufficiency of the answer, the defendant, whose case has not been marked in default, has a right to amend his answer during, but after the first day of, such appearance and trial term.

No. 3780. NOVEMBER 14, 1923.

Question certified by Court of Appeals (Case No. 14146).

*Roy W. Moore* and *Strozier & Deaver,* for plaintiff.

*Jones, Park & Johnston,* for defendant.

HILL, J. The Court of Appeals desires instructions from the Supreme Court upon the following question involved in this case: "Where suit is filed in the municipal court of Macon on an itemized account duly sworn to, and where in due time (see Ga. L. 1913, p. 258, sec. 20), the defendant files an unsworn answer, merely denying, without further explanation, the paragraph alleging indebtedness as per sworn copy of account attached, and where during the appearance term, which is also the trial term, the plaintiff files a general and special demurrer challenging the sufficiency of the answer, has the defendant, whose case has not been marked in default, a right to amend his answer during, but after the first day of, such appearance and trial term? See *DeSoto Plantation Co.* v. *Hammett,* 111 *Ga.* 24, together with act of 1901, codified as section 4728 of Park's Code; *Simmons Furniture Co.* v. *Reynolds,* 135 *Ga.* 595; *McMillan* v. *Fourth Nat. Bk.,* 18 *Ga. App.* 445; *Richey* v. *Johnson,* 21 *Ga. App.* 41· *Caudell* v. *Nabstedt,* 22 *Ga. App.* 694."

The act of the General Assembly creating the municipal court of Macon (Acts 1913, p. 252, sec. 20), provides in part as follows: "The judge of said court shall call the appearance docket on the first Wednesday in each term, and in all cases in which no answer has been filed before 12 o'clock M. on the first day of said term, the judge on the call of the appearance docket shall mark the same 'in default,' and all cases so marked shall thereby be ripe for trial and judgment. After rendition of final judgment in a case so marked 'in default,' the right of opening such default shall terminate, unless by order of the court or by consent of parties or

counsel of record evidenced by a written stipulation filed with the clerk of said court." This court's attention is called to the case of *DeSoto Plantation Co.* v. *Hammett*, 111 *Ga.* 24 (36 S. E. 304), where this court held that " When a petition in one paragraph alleges that the defendant ' is indebted ' to the plaintiff ' upon an open account,' setting forth a copy thereof, and in another paragraph alleges that, although the account is past due, the defendant refuses to pay the same, an answer which in terms specifically denies all the allegations in these paragraphs is good, and ought not to be stricken on demurrer." The court's attention is also called to the act of 1901 (Acts 1901, p. 55, Civil Code of 1910, § 4728), which is as follows: " Whenever any suit may be brought on an open account and the same is verified by the plaintiff as now provided by law, the plea filed in said case shall either deny that the defendant is indebted in any sum or shall specify the amount in which the defendant admits he may be indebted, and said plea shall be verified as now required by law."

In *Columbia Drug Co.* v. *Goodman*, 119 *Ga.* 474 (46 S. E. 647), this court held that " Where suit was brought in a county court upon an open account, properly sworn to by the plaintiff, the judge erred in refusing to strike, on plaintiff's motion, a plea of payment which was not verified (Acts 1901, p. 55) ; and a certiorari assigning error upon such ruling should have been sustained." It does not appear in the above-stated case that an amendment was offered to verify the plea in that case.

In the case of *Stafford* v. *Wilson*, 122 *Ga.* 32 (49 S. E. 800), the Supreme Court held: " Where in a suit in a justice's court, upon an open account, which was proved by the affidavit of the plaintiff, the defendant's answer had not been verified by affidavit, the judge of the superior court properly held, upon certiorari, that it was error for the magistrate, over the objection of the plaintiff, to allow the defendant to introduce evidence in support of such unsworn plea. . . Inasmuch, however, as such plea may be amended by swearing to it *(Barnes* v. *Coker,* 112 *Ga.* 137), it was error for the judge of the superior court, upon certiorari, to enter up final judgment for the plaintiff. The case should have been remanded for retrial in the justice's court." In *Neal* v. *Davis Foundry & Machine Works*, 131 *Ga.* 701 (63 S. E. 221), it was held: " Where in a suit the petition is verified, the answer should

also be verified. But an omission to verify the answer is a curable defect. It was therefore not error on the trial to refuse to strike the answer and treat the case as in default, and to allow the defendant to add a verification to the answer which had been duly filed at the first term." In *Simmons Furniture Co.* v. *Reynolds,* 135 *Ga.* 595 (69 S. E. 913), it was held: "Where suit was brought on a promissory note and a plea was filed which was insufficient, as, in substance, it was nothing more than a plea of the general issue, but no attack was made upon the plea by demurrer or motion to strike at the appearance term, and the court entered upon the docket 'May 14, 1909, Ans.,' the court should not at the next term have refused to allow the filing of a plea which was offered as an amendment to that previously filed, and to which no other objection was raised except that 'there was nothing to amend by.'"

Under the act of 1913, supra, answers must be filed on the first day of the term, and it appears from the question propounded by the Court of Appeals that the defendant filed an unsworn answer "in due time," denying the paragraph alleging indebtedness. We are of the opinion that the defendant whose case has not been marked in "default" has a right to amend his answer during, but after the first day of, the appearance and trial term, by swearing to such plea or answer. It is insisted in the present case that there is nothing in the original answer to amend by; that the answer filed by the defendant simply amounted to the general issue. But if the petition was set out in orderly paragraphs and the defendant specifically answered each paragraph, and either admitted or denied the allegations as alleged in each paragraph, this did not amount merely to a plea of the general issue. In the case of *DeSoto Plantation Co.* v. *Hammett,* supra, Lewis J., in delivering the opinion of the court, said: "In the case of *Smith* v. *Holbrook,* 99 *Ga.* 256, cited and relied upon by counsel for defendant in error, it was decided that a plea simply of the general issue does not in law amount to a denial of averments distinctly and plainly made in plaintiff's petition, and all such averments not otherwise denied are to be taken as prima facie true. It was accordingly held in that case that where the action was upon an open account, with appropriate allegations, a plea of the nature above indicated raised no issue as to the correctness of the amount of the account sued upon. We have examined the record in that

case, and the petition is set forth in paragraphs. The first paragraph of the petition specifically charges that defendant is indebted to petitioners on an account. A copy of the account is attached. In answer to this paragraph in the petition the defendant simply alleges: 'the general issue. Defendants say they are not indebted to the plaintiffs in manner and form as they have alleged, and of this they put themselves upon the country.' The defendant nowhere in his answer undertook to specifically deny the allegations of plaintiffs' petition as to his particular indebtedness on the special account therein referred to, but he simply filed a general denial, commonly known as the plea of the general issue, which, by Civil Code, § 5050, is prohibited; but that very same section provides that he may, in a single paragraph, deny any or all of the allegations, or in a single paragraph admit any or all of the allegations in any or all of the paragraphs of the petition. As we have already stated, this the defendant has literally done in the present case; and had the defendant in the above-cited case complied with the same rule, and specifically denied the allegations in the first paragraph of plaintiffs' petition, we think this court would have held that it would have been amply sufficient to put the plaintiffs upon proof of their claim. We are unwilling to extend the ruling announced in the case last cited further than is required by the facts in that particular instance. Literally that decision conforms to the statute, but no more so than the decision in this case conforms to another provision in the same statute. There may be no reason for such a distinction; but a sufficient reply to this is, thus is the law written. The effect of the answer filed in this case is to deny every fact alleged by plaintiff upon which he relies for a recovery; and his suit not being upon a contract in writing, but simply upon an open account, and the defendant having complied with the requirement of the statute, . . that was necessarily sufficient to cast upon the plaintiff the burden of making proof of his demand. In the case in the 99 *Ga.* the defendant adopted a form of pleading expressly forbidden by law. In the case now here, he answered in the manner which the statute prescribes." Thus Judge Lewis has very clearly brought out the distinction between a case in which a plea of general issue is filed and one in which the defendant has strictly complied with the statute. So it can not be held in the instant case that the plea

filed by the defendant was a plea of general issue, and therefore is obnoxious to the statute forbidding the filing of such plea. It follows that the plea could be amended and the defendant allowed to verify such plea at the first term of the court to which the case was brought.

The question propounded by the Court of Appeals is answered in the affirmative.        *All the Justices concur.*