### 25884. MURPHY *v.* FLEMING.

STEPHENS, P. J. 1. A defendant can not be held to the admission of the truth of an allegation in the plaintiff's petition where the defendant answers that for want of sufficient information he neither admits nor denies the allegations in the petition, unless the facts charged in the petition are peculiarly within the knowledge of the defendant and are as to facts of which the defendant must of necessity have knowledge. Code, § 81-308.

2. Where in a deed to realty to secure a debt the grantee is given the right, upon default of the grantor in the payment of the debt or any part thereof, to sell the property at private sale for the satisfaction of the debt, the facts relative to the terms of the sale are not peculiarly within the knowledge of the grantor. Therefore, in a suit by the grantee against the grantor, to recover the balance due on the debt after having given to the grantor credit in the amount in which the property had been sold by the grantee at private sale pursuant to the terms of the deed to secure debt, a plea by the defendant grantor of his inability either to admit or deny the allegation in the petition respecting the fact of sale and the terms of sale do not amount to an admission of the allegations as to these facts in the petition. Notwithstanding the defendant grantor may have admitted the execution of the note, the fact of default, and the execution of the deed to secure debt, there was no proof as to what the property brought at the sale, and therefore no proof of the amount due the plaintiff. In the absence of the introduction of any testimony, it was error for the court to give judgment for the plaintiff on the pleadings for the amount sued for, less the alleged credit of the amount derived from the sale of the property, and the judgment for the plaintiff was contrary to law and without evidence to support it.    *Judgment reversed. Sutton and Felton, JJ., concur.*

DECIDED MARCH 4, 1937.

*Nathan Jolles, Isaac S. Peebles Jr.,* for plaintiff in error.
*Sam F. Garlington,* contra.