DECIDED OCTOBER 18, 1939.

27652. WILKES *v.* ARKANSAS FUEL OIL COMPANY.

DECIDED OCTOBER 21, 1939.

*Tolnas & Middlebrooks,* for plaintiff in error.

*H. M. Rylee,* contra.

GUERRY, J. This is a suit on open account by the Arkansas Fuel Oil Company against J. R. Wilkes, trading as Acme Oil Company. In its petition the plaintiff alleged in paragraph 1 that the named party resided in Clarke County and was made defendant; in paragraph 2 that the defendant was indebted to it in the sum of $290.36 principal, besides interest, "on an open account, an itemized and verified statement of which is hereto attached and made a part of this paragraph," showing an accrued total of $1122.08, less credits of $831.72, leaving a balance of $290.36; and in paragraph 3 that the defendant failed and refused to pay. The defendant filed his answer admitting paragraph 1, denying paragraph 2, but with the plea that "for further answer thereto shows that he is not indebted to plaintiff in any amount whatsoever," and admitting paragraph 3. The plaintiff demurred on the ground that the answer did not put the plaintiff on notice of what particular defense the defendant had, and was nothing more than a plea of the "general issue." Whereupon the defendant moved to amend the answer by striking paragraph 2 and substituting his plea that "he is not indebted to plaintiff in any amount whatsoever, but on the contrary plaintiff is indebted to defendant in the amount of $34," by reason of certain uncredited payments made by the defendant in named months, an unauthorized rent charge on storage plant of $220, and an unauthorized conversion of defendant's storage tank of $35 value. The court allowed the amendment, subject to demurrer. The plaintiff then demurred on the ground that the amendment to the answer did not meet the requirements of pleading, was not properly paragraphed, did not state when, where, and in what manner the payments were made or to whom made, that the denial of storage rent was a general denial and insufficient in law, and that as there had been filed no answer sufficient in law there was nothing to

amend by. After argument the court passed the following orders: "It is ordered by the court that the within answer be stricken, because it is insufficient in law, being only a plea of the general issue," and "the within amendment is disallowed, and it is ordered stricken; the original answer having been stricken, there is nothing to amend by." The court thereupon ordered judgment for the plaintiff in the several sums prayed. The case is before this court on exceptions assigning error on the orders striking the answer, disallowing the amendment, and directing judgment for the plaintiff.

██ The acts of 1893 and 1895 (Ga. L. 1893, p. 56; Ga. L. 1895, p. 46; Code, § 81-306) provide: "In all cases when the defendant desires to make a defense by plea or otherwise he shall therein distinctly answer each paragraph of plaintiff's petition, and shall not file a mere general denial, commonly known as the plea of 'general issue.' He may in a single paragraph deny or admit any or all of the allegations in any or all of the paragraphs of the petition." Before the act of 1893 the filing of the plea of "general issue" was sufficient defensive pleading to prevent default, by having the name of counsel marked on the docket (*Solomon* v. *Creech,* 82 *Ga.* 445, 9 S. E. 165); or answering at the first term (*Price* v. *Bell,* 88 *Ga.* 740, 15 S. E. 810); which plea was amendable (*Simon* v. *Myers,* 68 *Ga.* 74). Upon and after the passage of act of 1893, the plea of general issue was abolished, and such plea thereafter would not prevent default. *Thornton* v. *Coleman,* 104 *Ga.* 625, 626 (30 S. E. 782). The acts of 1893 and 1895, in abolishing the plea of general issue, provided that a defendant might "in a single paragraph deny or admit any or all of the allegations in any or all of the paragraphs of the petition." Thereunder the answer became sufficient to withstand demurrer when the allegations of the petition were specifically denied. In *DeSoto Plantation Co.* v. *Hammett,* 111 *Ga.* 24 (36 S. E. 304), a case involving a *suit upon an open account,* it was held: "When a petition in one paragraph alleges that the defendant 'is indebted' to the plaintiff 'upon an open account,' setting forth a copy thereof, and in another paragraph alleges that, although the account is past due, the defendant refuses to pay the same, an answer which in terms specifically denies all the allegations in these paragraphs is good, and ought not to be stricken on demurrer." As in the

778

case at bar, this case contained three paragraphs, the first alleging residence of the defendant, the second the indebtedness, and the third the refusal of the defendant to pay; and the answer of the defendant was an admission of the first paragraph, a denial of the second, and an admission of the third. It will be seen by looking to the pleadings in the case at bar that this denial of indebtedness—and this without denial "in any sum"—would not itself be a plea of the "general issue," but would be good as against a general demurrer, having come within the provisions of the acts of 1893 and 1895, supra. However, the defendant in the case at bar did more than was required in *DeSoto Plantation Co. v. Hammett,* supra, to wit, denying specifically the indebtedness, but added to the specific denial the further plea that "he is not indebted to plaintiff *in any amount* whatsoever" (italics ours). This was as it should have been pleaded under the act of 1901 (Ga. L. 1901; p. 55, Code, § 81-410), with reference to "pleas on suits on open accounts." We quote as follows: "Whenever a suit may be brought on an open account and the same is verified by the plaintiff as provided by law, the plea filed shall either deny that the defendant is indebted in any sum or shall specify the amount in which the defendant admits he may be indebted, and shall be verified as required by law."

It will be noted that upon the passage of the act of 1901, a specific denial of indebtedness became insufficient, and there had to be added the plea denying "that the defendant is indebted in any sum." In this connection see *Walker v. Seawell,* 42 *Ga. App.* 511 (156 S. E. 475). We quote from the first headnote of that decision: "An act approved November 15, 1901 (Ga. L. 1901, p. 55), as codified in section 4728 of the Civil Code of 1910, provides that in a suit on an open account, where the account sued on is verified by the plaintiff, it is essential to the defendant's plea of no indebtedness that it be alleged in the plea that the defendant is not indebted 'in any sum,' or that it specify the amount of indebtedness which the defendant admits. *Lee v. Perry,* 19 *Ga. App.* 48 (90 S. E. 988). This is not restricted to a case in any court, and therefore applies to a case in a city court. The decision in *DeSoto Plantation Co. v. Hammett,* 111 Ga. 24 (36 S. E. 304), holding that in a suit on an open account a plea merely denying the paragraphs of the plaintiff's petition is sufficient, was

rendered prior to the passage of the act of 1901, and the ruling there made is superseded by that act. The cases of *Ocean Steamship Co.* v. *Anderson,* 112 *Ga.* 835 (38 S. E. 102), and *Kahn* v. *Southern Building & Loan Asso.,* 115 *Ga.* 459 (41 S. E. 648), in which it was held that a plea of denial of a paragraphed allegation of a petition is a good plea, had no reference to a plea in a suit on an open account." The plea of the defendant in the case at bar constituted a good and sufficient denial of the indebtedness alleged, and was not subject to be stricken on demurrer. The defendant having sufficiently answered, the plaintiff became bound to prove its claim (*Moore* v. *American National Bank,* 156 *Ga.* 724, 727, 120 S. E. 2), and the defendant had available no other defense than such as disproved the plaintiff's cause of action. Special pleas of payment, set-off, or recoupment had to be specially pleaded. The Code, § 81-307, declares: "Under a denial of the allegations in the plaintiff's petition, no other defense is admissible except such as disproves the plaintiff's cause of action; all other matters in satisfaction or avoidance must be specially pleaded." Pleas of payment, set-off, and recoupment are special pleas.

Upon complying with the provisions of Code, § 81-410, as was done in the case at bar, the defendant was entitled to enlarge upon his defense as filed, by amending his answer at any time before or during trial, and by adding the special pleas or other defenses set out in the amendment, upon complying also with the law in the Code, § 81-1310. See *Moore* v. *American National Bank,* supra; *Case Threshing Machine Co.* v. *Donalson,* 12 *Ga. App.* 121 (2) (76 S. E. 1049); *Walker* v. *Seawell,* supra. But see *Kirby Planing-Mill Co.* v. *Hughes,* 11 *Ga. App.* 645 (2) (75 S. E. 1059).

The court erred in holding that "the within answer be stricken because it is insufficient in law, being only a plea of the general issue." It necessarily follows that the court erred in disallowing the amendment offered, for the reason that, "the original answer having been stricken, there is nothing to amend by," and in entering judgment for the plaintiff. However, as to the amendment offered, with respect to demurrers general and special, attention is called to the language in the case of *Ocean Steamship Co.* v. *Anderson,* 112 *Ga.* 835 (2), 837 (38 S. E. 102): "Where a trial judge, because erroneously of the opinion that there was noth-

ing in the original answer to amend by, refused to allow a meritorious amendment thereto, and the case is by this court remanded for a rehearing upon another ground [that of striking the original answer], direction will be given that the court below can pass upon the question of allowing such amendment, without regard to the reason on which the original ruling with respect thereto was based."

6.   Headnote 6 requires no further statement.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*