32933.  TIPPENS *v.* TWEEDELL.

DECIDED MARCH 16, 1950. REHEARING DENIED MARCH 28, 1950.

258

*Harbin M. King,* for plaintiff.

*James B. Langford, Henry L. Barnett,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) █ Special grounds 4 to 7 inclusive contend that the trial court erred in admitting over timely objection testimony of various witnesses for the defendant specified in these grounds to the effect that the defendant used the money obtained by him from the plaintiff to purchase and deliver an Oldsmobile automobile. Special ground 8 contends that the trial court erred in refusing to sustain a motion by counsel for the plaintiff to strike all the testimony of the witnesses for the defendant regarding this matter. It is contended that this testimony amounted to evidence of an accord and satisfaction, and that the defendant did not file such a special plea, as required under Code § 81-307, which provides as follows: "Under a denial of the allegations in the plaintiff's petition, no other defense is admissible except such as dis-

proves the plaintiff's cause of action; all other matters in satisfaction or avoidance must be specially pleaded." It is well settled that evidence of accord and satisfaction is not admissible under a plea of general denial. See *Ingram* v. *Hilton & Dodge Lumber Co.,* 108 *Ga.* 194 (1) (33 S. E. 961); *Ocean Steamship Co.* v. *Williams,* 69 *Ga.* 251 (1).

However, it must be noted that the petition in the instant case alleged in substance that the defendant is indebted to the plaintiff in the sum of $405 for money lent. The answer constitutes a denial of this allegation and a denial that he is indebted to the plaintiff in any sum whatsoever. The issue, therefore, is the question of whether the plaintiff loaned the defendant the sum of $405. The burden of proving this fact is on the plaintiff. The defendant is entitled to offer any material evidence to rebut such proof under the plea of general denial interposed on his behalf. See *Wilkes* v. *Arkansas Fuel Oil Co.,* 60 *Ga. App.* 775 (2) (5 S. E. 2d, 269). In *De Soto Plantation Co.* v. *Hammett,* 111 *Ga.* 24 (36 S. E. 304), it is stated, "The second and third paragraphs [of the petition] simply charge liability upon defendant on an open account, and it, in the second paragraph of its answer, simply denies the truth of these allegations. Its denial would not have been more specific and more definite in reply to plaintiff's charges, if it had undertaken to have gone further into detail, and explained why it was not liable on plaintiff's demand." The same situation applies in the instant case. It is noted that while the rule in the *De Soto* case, supra, was changed somewhat by Code § 81-410, requiring that the defendant in making denial state in what sum he is indebted, or that he is indebted in no sum whatsoever, nevertheless, this Code section was also complied with by the defendant.

The evidence here which tended to admit that the defendant received from the plaintiff the sum of money in question but that it was received for a specific use for the mutual benefit of the parties and not as a loan, is not evidence of accord and satisfaction. Such a plea admits the previous existence of an obligation but sets up payment or satisfaction thereof. The evidence here was in explanation of a transaction tending to deny the existence of the original obligation. It follows that such evidence was admissible under the general denial contained in the

answer, and that special grounds 4 to 8 inclusive are without merit.

Construing the evidence in its light most favorable to support the verdict, the jury was authorized to find that the money in question was paid over to the defendant by the plaintiff under an agreement by the terms of which the defendant was to purchase an automobile and repair the same for the mutual benefit of both parties. The verdict, therefore, is supported by the evidence, and, it having the approval of the trial judge, will not be disturbed by this court.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*