**36141.   CORNETT et al. v. FREDERIC W. ZIV COMPANY.**

QUILLIAN, J.   1.   "If the ruling or decision complained of as erroneous is one preceding the final judgment, and if it is specifically made the subject of exception and of proper assignment of error, and the final judgment is excepted to, not because of additional error in it, but because of the antecedent ruling complained of, which entered into and affected the further progress or final result of the case, a general exception to the final judgment and an exception to and a specific assignment of error on the antecedent ruling will suffice." *Lyndon* v. *Georgia Ry. &c. Co.,* 129 *Ga.* 353 (3) (58 S. E. 1047).   The motion to dismiss the bill of exceptions is without merit.

2.   In an action on a conditional contract, the denial of any paragraph or portion of a paragraph alleging a fact essential to the plaintiff's recovery sets forth a valid, issuable defense; hence an answer containing such denial is not subject to general demurrer.   When the petition alleges and the answer denies that the plaintiff has performed the contract according to its provisions, such a defense is interposed.   Likewise, a denial of an allegation of the petition that the defendants had failed and refused to make any payment whatever legally put that alleged fact in issue.   *De Soto Plantation Co.* v. *Hammett,* 111 *Ga.* 24 (36 S. E. 304); *Ocean Steamship Co.* v. *Anderson,* 112 *Ga.* 835 (1) (38 S. E. 102).   In view of what has been held, it is not necessary to now consider whether the answer was otherwise good against general demurrer.   The trial judge erred in sustaining the motion to strike the defendants' answer.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*

DECIDED APRIL 23, 1956—REHEARING DENIED MAY 9, 1956.

*Al Williams, James H. Fort,* for plaintiff in error.
*Max R. McGlamry, Ernest C. Hadley, Jr.,* contra.