37163.   MEZA *v.* VAN DEVENTER.

Decided June 23, 1958.

744

*Albert B. Wallace,* for plaintiff in error.

*Samuel L. Eplan, Charlie Franco,* contra.

GARDNER, Presiding Judge. 1. We have set out the pleadings in this case somewhat in detail. These pleadings show that a suit was filed to recover past due payments on an alimony judgment. The record shows that $965 had been paid, but that in addition to that amount there was $4,715 due; that the jury heard the evidence and that the court directed a verdict in favor of the plaintiff and entered a judgment against the defendant for $4,715. The defendant was served personally with the petition for divorce and alimony. Counsel for the defendant contends that, since the court sustained the plaintiff's general demurrer to the answer and struck the answer, the defendant was thereby prohibited from proving setoff and recoupment and also fraud on the part of the plaintiff in obtaining the divorce. The record does not show that the alleged oral contract upon which the defendant bases his defense was merged into and made a part of the decree rendered in the divorce proceedings. For this reason said allegations in the answer are of no avail, and Code (Ann.) § 81-301, cited by counsel for the defendant, is not applicable. The provisions of Code § 20-1301 were adhered to by allowing the setoff of payments made *after* the alimony decree and judgment, but this Code section cannot apply where

such payment is made on an oral contract before an alimony judgment and not set up in the pleadings at the time of the alimony trial. Payments made before the alimony judgment are res judicata so far as the record now before us is concerned. *Reisman* v. *Massey,* 84 *Ga. App.* 796 (67 S. E. 2d 585) shows that a real-estate broker attempted to collect commissions for the sale of property to a certain buyer. The seller answered that the prospective purchaser produced by the broker was financially unable to pay for the property. The broker filed a general demurrer to the answer. The court overruled the demurrer because the whole issue of that case was whether or not the broker had produced a buyer "ready, able and willing to buy" (Code § 4-213), and the answer showed that the prospective purchaser did not meet one of the requirements of that Code section. That case is not authority for reversing the case at bar wherein the answer claims a setoff which occurred prior to the divorce decree and judgment. Nor is *Ocean Steamship Co.* v. *Anderson,* 112 *Ga.* 835 (38 S. E. 102) in point, due to the difference between pleadings here and there. In the case at bar it does not matter whether the defendant is a nonresident. *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921 (41 S. E. 74) involved equity proceedings, and showed facts entirely different from the facts in the case at bar. Even if nonresidence does authorize a court of equity to decree a setoff (see *Livingston* v. *Marshall,* 82 *Ga.* 281, 11 S. E. 542, and *Bibb Land-Lumber Co.* v. *Lima Machine Works,* 104 *Ga.* 116, 30 S. E. 676) such relief would not result in the instant case, under the pleadings and the evidence. The defendant's recourse was to have the setoff considered in the divorce proceedings, not at this time. Furthermore, we will not consider the matter of fraud since no fraud is shown by the pleadings or the evidence. The defendant was served personally with a petition for divorce. In the instant case he failed to appear and defend.

In a divorce proceeding all prior agreements should be produced before the court and merged into the judgment. See *Venable* v. *Craig,* 44 *Ga.* 437 (2) which reads as follows: "Negotiations and agreements between husband and wife, pending a libel for divorce, as to the alimony of the wife, and agreements between

them in relation thereto, are, by presumption of law, merged in the final verdict of the jury in the divorce suit, and a purchaser from the husband, pending a suit of property, mentioned in the schedule, is bound by the verdict, as is the husband, as to the legal rights of the wife to the property, unless he can show fraud in the verdict affecting his rights, and to do this, he must attach the judgment before the court which rendered it, as he is a privy thereto."

See also *Raines* v. *Raines,* 138 *Ga.* 790 (4) (76 S. E. 51) wherein the Supreme Court said: "An oral agreement that a wife will not claim alimony, made pending the proceeding for alimony and divorce, and before the grant of alimony, can not be asserted as a defense to the collection of the judgment for alimony." No judgment had been rendered in the instant case upon the alleged agreement of the parties. In *Estes* v. *Estes,* 192 *Ga.* 100 (14 S. E. 2d 680), the Supreme Court was very emphatic in ruling that an understanding between a husband and wife, not incorporated into the divorce decree and judgment was not binding. The headnote of that case reads: "A judgment for alimony based upon an agreement of the parties provided that the husband should pay $55 per month to the wife for the support of herself and minor child, and awarded to the wife certain realty. The husband brought a petition seeking to have the court declare that the judgment had been fulfilled, and that no further payments were due thereunder, based upon an alleged understanding between the parties, at the time the agreement was entered into, that the payments provided for should cease upon the marriage or arrival at majority of the child. *Held,* that the petition was subject to general demurrer."

Under the pleadings as set forth in this record, the court did not err in sustaining the general demurrer and dismissing the answer of the defendant.

2. We have not set out the evidence in this case because it is all in favor of the plaintiff, the defendant having failed to present any evidence on his behalf. Suffice it to say that the evidence is sufficient to sustain the verdict of the jury and the directed verdict of the court based thereon.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*