37313. LANIER BROTHERS GROCERY *v.* COLUMBIA LOAN COMPANY, INC., *et al.*

CARLISLE, Judge. Columbia Loan Company, Inc., obtained a judgment in the Civil Court of Fulton County against William Bell. Thereafter the plaintiff's attorney made an affidavit for a summons of garnishment against the defendant's employer, Lanier Brothers Grocery. On March 6, 1957, a marshal of the Civil Court of Fulton County made an entry of service on the summons of garnishment reciting that he had served it by serving a Mr. Lanier as the agent of Lanier Brothers Grocery. On June 4, 1957, Lanier Brothers Grocery, having filed no answer or other pleadings in the garnishment proceeding, a default judgment was entered against it and execution was subsequently issued thereon and levied against the defendant garnishee. On July 22, 1957, the garnishee filed a traverse to the service of the summons of garnishment and the issues made by this traverse came on for trial in the

Civil Court of Fulton County on March 18 and 19, 1958, before a judge and jury of that court. The jury entered a verdict in favor of the return of service, the garnishee made a motion for a new trial on the general grounds and on three special grounds which was denied by the trial court, and the exception here is to that judgment.

1. In the brief of the counsel for the plaintiff in error submitted to this court, the only argument is with reference to the general grounds and special ground 1, and the brief contains no reference to, or general insistence on, the other special grounds of the motion for a new trial. Special grounds 2 and 3 are, therefore, treated as abandoned.

2. The first special ground complains of the following portion of the charge of the court: "On the other hand, if you find it was served on somebody else and Mr. Lanier had knowledge of it before the first day of July, 1957, then, his traverse is filed too late. The terms of this court run from the first Monday in each month to the next first Monday in each month. The first Monday in each month is a new term of court. The entry of service was purportedly made by the marshal on March 6th which would be within the March term. If Lanier Brothers had knowledge that this purported service was made on them on March 6th, any time during the month of March, and it was not so, they would be required to traverse it during the month of March and before the first Monday in April. If they found out about it in April, they would be required to file a traverse and say it was served on the wrong party, we are not properly in court, on or before the first Monday in May. If they found out about it in May, they would have to take action on or before the first Monday in June. If they found out about it in June, they would have to take action on or before the first Monday in July." It is contended that this charge stated an incorrect principle of law, that a party may file a traverse of service at the first term after notice of the entry of such service is had by him and that "first term" is synonomous with "next term" and does not mean the first Monday in each month which is the "appearance day" of the Civil Court of Fulton County (the terms of that court running from the first Monday in each month until the first Monday of the succeeding month), but means the period from the first Monday in each month until the Saturday before the first Monday of the succeeding month. Code § 81-214 pro-

vides that the entry of the sheriff or of any officer of the court may be traversed by the defendant at the first term after notice of such entry is had by such defendant and before pleading to the merits of the case. In the instant case, the jury would have been authorized to find that the garnishee had notice of the purported service of the summons of garnishment some time during the month of June, and during the June term of the Civil Court of Fulton County. The first term thereafter was the July term beginning on the first Monday in July and the garnishee filed its traverse on July 22, 1957, which was during the July term of the court. If the jury found that the garnishee had notice of the purported service of the summons of garnishment in June the traverse was timely filed, since it was filed at the first term after such notice. *Sutton* v. *Gunn,* 86 *Ga.* 652, 658 (4) (12 S. E. 979); *Greene* v. *Lombard,* 33 *Ga. App.* 518 (4) (126 S. E. 890); *Tanner* v. *Patterson,* 52 *Ga. App.* 644 (184 S. E. 405). Under the foregoing authorities, where a pleading is required to be filed at the first term after a controlling event, the phrase "at the first term" means at any time during the next term following the term at which the controlling event occurs. It follows that the trial judge's charge, as complained of in special ground 1, was erroneous in that it required that the traverse be filed on or before the first day of the first or next term. See also *Colquitt* v. *Mercer,* 44 *Ga.* 432 (2).

3. The evidence did not demand a verdict for the defendant in that there was some evidence from which the jury would have been authorized to find that the defendant had notice of the service of the summons of garnishment prior to the June term of the Civil Court of Fulton County, and if the jury so found, they would have been required to find that the traverse was filed too late.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 6, 1958.

*Eugene R. Simmons,* for plaintiff in error.
*Franklin B. Anderson, Harold Sheats, Casper Rich,* contra.