37948. RAY CLANTON'S EAST GEORGIA MOTORS, INC.
*v.* CONAWAY.

DECIDED NOVEMBER 10, 1959.

*Bouhan, Lawrence, Williams, Levy & McAlpin,* for plaintiff in error.

*Gilbert E. Johnson, James Edward McAleer, Jr.,* contra.

NICHOLS, Judge. The only assignment of error contained in the defendant's bill of exceptions, as shown by the above statement of the case, is to the judgment of the trial court rendered on July 1, 1959. Prior to such time the demurrers were overruled on April 17, 1959, and no exception taken to such judgment. The redrafted petition filed in accordance with the direction of the trial court did not materially amend the petition, nor in fact did it amend it in any way, for such redrafted petition merely eliminated any reference to the defendant Ford Motor Company which had previously been stricken as a party defendant by the plaintiff's dismissal as to it.

Prior to the passage of the act of 1952 (Ga. L. 1952, pp. 243, 245; Code, Ann., § 81-1001, 2d par.), it was well established that where a trial court ruled on a demurrer and allowed time for amendment if no amendment was filed which would require a different ruling on the demurrer already ruled on the prior ruling on such demurrer became the law of the case until reversed. See *Darling Stores Corp.* v. *Beatus,* 197 *Ga.* 125 (28 S. E. 2d 124). However, when the above cited act of 1952 was enacted the ruling allowing time for amendment became a judgment which was not subject to exception or review and a second or final judgment became necessary after the time for amendment had expired regardless of whether any amendment was actually filed. The defendant contends that the judgment of the trial court on April 17, 1959, was a judgment not subject to review, that it did not establish the law of the case, and that the only judgment subject to review was the judgment of July 1, 1959, rendered after the redrafted petition was filed and the demurrers renewed and the additional demurrers filed.

The bill of exceptions refers to a motion that was filed which sought to require the plaintiff to purge his petition of any reference to the Ford Motor Company which had previously been dismissed by the plaintiff as a party defendant, and it is apparent that the judgment of the trial court on April 17, 1959, overruling the defendant's demurrers and requiring the plaintiff to redraft his petition was a judgment on the motion and the demurrers; in fact it is so entitled: "Order on Motion and Rulings on Demurrers." The ruling on the motion to purge (a proper motion

to remove superfluous matter from a petition, *Duke* v. *Brown*, 113 *Ga.* 310, 319, 38 S. E. 764; *A. G. Boone Co.* v. *Owens*, 54 *Ga. App.* 379 (2), 187 S. E. 899), the plaintiff's petition of all reference to the defendant who had been previously dismissed as a party would in no way affect the sufficiency of the plaintiff's petition as against demurrer, and the judgment of April 17, 1959, overruling the demurrers was a final judgment as to such issue and not one referred to in the act of 1952, supra, which requires a later final judgment after the time for amendment has expired. It necessarily follows that the trial court was bound by the law of the case to hold on July 1, 1959, that the purported renewed and additional demurrers must be overruled, and this court is bound by the law of the case, right or wrong, in the absence of any assignment of error on the antecedent judgment (*Cornett* v. *Frederic W. Ziv Company*, 93 *Ga. App.* 840, 93 S. E. 2d 188, and citations), that the plaintiff's petition was not subject to the defendant's demurrers and that the trial court properly overruled the purported renewed and additional demurrers on July 1, 1959.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*