38541. RONSON CORPORATION v. GELLER *et al.*

CARLISLE, Judge. 1. Where the act creating the Civil Court of Fulton County (Ga. L. 1913, p. 145) as amended, especially by the act approved July 31, 1925 (Ga. L. 1925, pp. 370, 377-379) provides that said court shall sit in terms commencing on the first Monday of each month and continuing from day to day until the Saturday preceding the commencement of the succeeding term; and where it further provides that the first term shall be the trial term as to all matters triable in said court, and that "each action shall be filed and process, suit or summons thereon issued, as the case may be, not less than 12 days prior to the first day of the particular term to which same is brought and summons thereon shall be served not less than eight days prior to the first day of the particular term to which such action is brought," and that "service effected too late for a particular term shall be good for the next succeeding term thereafter," the necessary interpretation of such language is that for all purposes where an action is filed or service perfected too late for "the particular

term to which same is brought" the next succeeding term is the first term for all purposes, including the filing of answers and other defensive pleadings.

2. Accordingly, where a summons of garnishment was issued on April 28, 1960, and served on the garnishee on April 29, 1960, which was the Friday preceding Monday, May 2, 1960, such service was less than eight days preceding the first day of the May term of said court, and the first term in such case was the June term 1960, commencing on Monday, June 6, and terminating on Saturday, July 2, 1960. *Spence v. Manufacturers &c. Corp.*, 47 Ga. App. 356 (2) (170 S. E. 533).

3. Where the record shows these facts and further shows that a traverse to the service of the summons, alleging that the garnishee comes at the first term of said court after notice to it of the entry of service, was filed on June 21, 1960, during the June term of said court, nothing else appearing as to the time when the garnishee had notice of such service, the evidence and the record demanded a finding that the traverse was filed at the first term (*Lanier Bros. Grocery v. Columbia Loan Co.*, 98 Ga. App. 285 (2), 105 S. E. 2d 381), and the trial court erred in sustaining the plaintiff's motion to dismiss the traverse of service on the ground that there had been no proof that the traverse was filed at the first term after notice. See *Code* § 81-214; *Dozier v. Lamb*, 59 Ga. 461 (1).

*Judgment reversed. Townsend, P. J., Frankum and Jordan, JJ., concur.*

DECIDED NOVEMBER 15, 1960—REHEARING DENIED
DECEMBER 1, 1960.

*Harold Karp, A. Tate Conyers,* for plaintiff in error.
*Marvin P. Nodvin, Harry L. Cashin, Jr.,* contra.

ON MOTION FOR REHEARING.

In a motion for rehearing filed by the defendant in error, it is contended that the decision in this case is contrary to the ruling made by this court in *Lanier Bros. Grocery v. Columbia Loan Co.*, 98 Ga. App. 285 (2) (105 S. E. 2d 381) cited in division 3 of the opinion. The writer of this opinion was the writer of the *Lanier Bros.* opinion and is, of course, cognizant of the ruling made by this court in that case. It is conceded that

on the face of that opinion and of this opinion a conflict may appear when it is considered that in that case it was held that where the evidence authorized a finding that the garnishee had notice of the purported service of the summons of garnishment sometime during the month of June and during the June term of the Civil Court of Fulton County that a finding was authorized that the traverse filed on July 22 at the July term of said court was filed at the first term. While perhaps the language there employed was too broad, it must be considered in the light of the question presented by the appeal in that case. It is sufficient to say in explanation thereof that no question was presented in that case as to notice being received or had by the garnishee within eight days of the first day of the term at which the traverse was filed. There is, therefore, no necessary conflict in these two cases.

*Rehearing denied.*