38819. NORMAN v. NORMAN.

Decided April 25, 1961—Rehearing denied May 8, 1961.

*Wyatt & Morgan, James R. Lewis, Roy D. Moultrie,* for plaintiff in error.

*Morrow & Nix, J. B. Peavy, Kelly, Champion & Henson,* contra.

NICHOLS, Judge. ■ The first question presented by the writ of error is whether the trial court committed reversible error in overruling a motion to purge the plaintiff's petition of certain allegations which the defendant contends were prejudicial. Closely related to such assignment of error is special ground 4 of the defendant's motion for new trial which assigns error on an excerpt from the charge wherein the jury was instructed not to consider the allegations of the plaintiff's petition which the defendant had sought to have physically removed from the record. These assignments of error will be considered together.

While a motion to delete the surplusage is the proper motion to purge the immaterial portion of the petition (*Ray Clanton's East Ga. Motors v. Conaway,* 100 Ga. App. 650, 112 S. E. 2d 218, and citations), yet where such motion was not filed until some ten months after the judgment sustaining the demurrers to the allegations and no ruling was invoked on such motion to purge until the date the case was tried, some six months after the date the motion was filed, it cannot be said that the judgment overruling such motion was error. See *A. G. Boone Co. v. Owens,* 54 Ga. App. 379, 381 (187 S. E. 899), and citations.

The charge of the court which specifically deleted from the consideration of the jury any alleged negligence of the defendant with reference to matters stricken on demurrer was not harmful to the defendant and was not cause for a new trial.

■ Special ground 1 of the amended motion for new trial complains that a new trial should be granted because the defendant was not furnished a panel of twenty-four qualified jurors from which to strike the jury. The affidavits furnished in support of this ground make it affirmatively appear that one of the jurors who heard the case was a first cousin of one of counsel for

the plaintiff and that counsel for the plaintiff had a contingent fee contract. Therefore the juror was disqualified.

The disqualification was undisputed and the question for decision is whether such disqualification was waived by the defendant. One of the counsel for the defendant, in testimony taken in connection with this ground of the motion for new trial, testified that at the time the juror was being qualified he thought that the juror and counsel for the plaintiff were related but he did not know it, that that was the reason they had asked the jury to be purged, that he knew that they came from the same section of the county and that he only knew of the one family with the same surname in the county, that after the court asked the members of the prospective jury if any of them were related to any of named counsel and none stated that they were he dismissed the possibility from his mind and failed to pursue the matter any further. According to the record the attorney who was kin to the juror did not participate in the trial of the case, and was not present in the courtroom. In *Glover v. Maddox,* 100 Ga. App. 262 (5) (111 S. E. 2d 164), prospective jurors were asked whether any of them had been represented by the attorneys for the parties and, while one of the jurors had been so represented, he failed to so inform the court. A motion for new trial was granted on such ground and it was held that counsel, in having the question asked had exercised due diligence, and, being entitled to the information in selecting a jury, was deprived of a substantial right when the information was withheld. Such is the rule where no reason appears that the complaining party should have made any further inquiry. A different rule exists where either the complaining party or counsel for such party has reason to believe a disqualification exists. Under the decision in *Jennings v. Autry,* 94 Ga. App. 344 (94 S. E. 2d 629), where the party or her counsel has reason to believe that a disqualification exists, the burden is on them to make further investigation to determine the truth of the situation, and in the absence of further investigation such disqualification is waived and a judgment overruling such ground of the motion for new trial is not reversible error.

■ Special ground 2 of the amended motion for new trial

complains that the trial court erred in refusing to permit counsel for the defendant to "cross-examine" the defendant after she had been called to the stand by the plaintiff and examined.

In *Lauchheimer & Sons v. Jacobs,* 126 Ga. 261 (2) (55 S. E. 55), it was said: "Where a party to a suit calls the opposing party to the stand and examines him as a witness, it is in the discretion of the court to refuse, on objection, to prohibit counsel for the party so called from asking leading questions on cross-examination." In the case of *Rainey v. Moon,* 187 Ga. 712, 717 (2 S. E. 2d 405), it was held to be reversible error to permit counsel for the defendant, as a matter of right, to "cross-examine" the defendant after the plaintiff had called the defendant to the stand for cross-examination under the provisions of *Code Ann.* § 38-1801.

In the present case counsel for the plaintiff, at the time he called the defendant to the stand, did not state "I call the defendant for the purpose of cross-examination under authority of *Code* § 38-1801." However, when the question was raised, when counsel for the defendant asked if he would be allowed to cross-examine the defendant, the court based its judgment on the fact that the plaintiff obviously intended to call the defendant under the rights granted her by the above Code section. Assuming, arguendo, that the defendant was not called to the stand under *Code Ann.* § 38-1801, supra, still no harmful error appears as to the defendant by the court's judgment since an examination of the evidence quoted in support of this special ground of the motion for new trial shows that the defendant was in fact asked, and answered, many leading questions by her counsel.

■ Special ground 3 of the amended motion for new trial assigns error on the admission into evidence, over objection, of certain "surgical pins" of the type used in repair of the plaintiff's fractured hips, which injury was one of the injuries allegedly suffered by the plaintiff in the fall which allegedly resulted from the incident complained of.

The pins were not introduced in evidence to show any defect in the pins used by the physician in attempting to repair the plaintiff's hip, nor was there any contention made that there were any defects, either in the pins used by the physicians or the

ones introduced into evidence. In *Mitchell v., Schofield's Sons Co.,* 16 Ga. App. 686, 688 (85 S. E. 978), it was said: " 'Where an article is introduced as a standard of comparison, preliminary evidence showing that in essential respects it offered a trustworthy standard of comparison is sufficient to render it admissible.' 4 Enc. Ev. 240 (4b)." In *Mayor &c. of Madison v. Thomas,* 130 Ga. 153, 155 (60 S. E. 461), it was held that, where an object was introduced in evidence to show the method adopted by the city in doing certain work, and not for the purpose of showing a defect in the object, it was not error to admit such evidence over the objection that the object sought to be introduced was not the same object involved in the action. The objection to such evidence in the present case was properly overruled. *Hill v. State,* 211 Ga. 683 (2) (88 S. E. 2d 145), and *City of Dalton v. Anderson,* 72 Ga. App. 109 (33 S. E. 2d 115), are both distinguishable on their facts from the present case. In the first case the object sought to be introduced was excluded on objection by the defendant and the State could not except to such judgment, and in the other case the action was based on an alleged defective item like the one sought to be introduced in evidence.

■ The defendant introduced no evidence upon the trial of the case and under the decision of the Supreme Court, in answer to a certified question from this court, in the case of *Heiman v. Wynn,* 216 Ga. 569 (118 S. E. 2d 478), and cases there cited, her motion for a judgment non obstante veredicto, not being based upon a proper motion for a directed verdict, was properly overruled.

This case was tried on July 18, 1960, and the act approved March 28, 1961 (Ga. L. 1961, Vol. 1, p. 216) which permits motions for a directed verdict to be made by a defendant even though he introduces no evidence is not applicable to the case sub judice.

■ The defendant, in support of the usual general grounds of her motion for new trial, makes substantially the same arguments that were made in support of her demurrers to the plaintiff's petition when the case was previously before this court. *Norman v. Norman,* 99 Ga. App. 755, supra. Without going into a

detailed discussion of all the evidence suffice it to say that the plaintiff alleged in part: "That the defendant failed to restrain the large dog on her premises although having actual knowledge that said dog was dangerous and would run into and against persons entering the steps and porch of defendant's home, and would cause said persons to be knocked from said porch to the ground below." And on the trial of the case evidence of actual knowledge of such facts was adduced as well as evidence that the plaintiff was herself precipitated to the ground from such porch by such action of the defendant's dog. Under the previous decision of this court the petition set forth a cause of action, and since the allegations of the petition (at least as to the one ground of negligence), were supported by evidence, it cannot be said that the verdict for the plaintiff was unauthorized so as to require a reversal of the judgment of the trial court overruling the defendant's motion for new trial on the usual general grounds.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*