### 41295.  TALTON et al. v. KAPLAN INVESTMENT COMPANY et al.

HALL, Judge. The plaintiffs filed a petition under oath seeking to recover of the defendants $2,500 which they alleged they paid to the defendants as earnest money upon the execution of a contract to purchase real estate, and which the defendants were obligated to return to them because a condition of the contract was not fulfilled and the contract was not consummated. The assignment of error in this court is on the judgment of the trial court sustaining the plaintiffs' motion to dismiss the defendant's answer, and awarding judgment for the plaintiffs. *Held:*

■ The answer, which made an admission or a denial of each paragraph of the petition, conformed with *Code* § 81-306 and presented an issuable defense. *DeSoto Plantation Co. v. Hammett,* 111 Ga. 24 (36 SE 304); *Ocean Steamship Co. v. Anderson,* 112 Ga. 835 (38 SE 102). Accord *Reisman v.*

*Massey,* 84 Ga. App. 796, 802 (67 SE2d 585). A statement in an answer that for want of sufficient information the defendant can neither admit nor deny allegations of the petition amounts to a denial, unless the allegations are necessarily within the knowledge of the defendant. *Code Ann.* §§ 81-103, 81-308; *Ten-Fifty Ponce de Leon Co. v. Citizens &c. Nat. Bank,* 170 Ga. 642, 647 (153 SE 751); *Murphy v. Fleming,* 55 Ga. App. 392 (190 SE 385); *Byrom v. Ringe,* 83 Ga. App. 234, 239 (63 SE2d 235). If the answer in this form to the allegation that an earnest money check for $2,500 was delivered to and cashed by the defendants is construed as an admission, the denial of other essential allegations of the present petition created material issues of fact.

The trial court erred, therefore, in sustaining the motion to dismiss the answer and awarding judgment for the plaintiffs.

■ The trial court did not err in overruling the motion to quash process. While the Act creating the Civil Court of Fulton County provides that pleadings in cases where the amount sued for is $200 or more, must conform to the rules of pleadings in the superior courts, the Act itself prescribes the rules governing process and appearance in the Civil Court of Fulton County. Ga. L. 1913, pp. 145, 162, as amended, 1918, pp. 348, 350; 1925, pp. 370, 378, 379; 1933, p. 297; 1939, p. 449. See *Ronson Corp. v. Geller,* 102 Ga. App. 774 (118 SE2d 223). The process in this case conformed to the statute.

The defendant argues that process did not conform to Rule 20 of the Rules of the Civil Court of Fulton County. This rule is not pleaded and does not appear in the record, however, and this court cannot take judicial notice of it. *Wilson v. Barrow,* 107 Ga. App. 555, 556 (130 SE2d 812).

*Judgment reversed. Bell, P. J., and Frankum, J., concur.*

ARGUED MAY 5, 1965—DECIDED MAY 24, 1965.

*P. L. Wayman,* for plaintiffs in error.
*Israel Katz, Edward J. Magner,* contra.