43061. JASS v. COMET MANUFACTURING CORPORATION.

ARGUED SEPTEMBER 6, 1967—DECIDED SEPTEMBER 14, 1967.

*Heyman & Sizemore, William H. Major, Benjamin H. Oehlert, III*, for appellant.

*Lipshutz, Macey, Zusmann & Sikes, J. Timothy White*, for appellee.

EBERHARDT, Judge. Enumerations of error are on the sustaining of demurrers to the answer and the entering of a default judgment.

Attached as exhibits to the petition are a copy of the contract and statements of the commission account, of the advances made

and in addition a statement of certain other charges made against the defendant for such items as 6 dozen matches, 1 package (3 doz.) pencils, 6 doz. matches, 2 doz. shoe pads, 1 gal. Com-O-Teen, 1 3-way steam gun, 1 qt. Com-O-Cov, amounting to $20.03. The answer is sufficient to raise the question as to whether these items may be "samples, training materials, advertising and sales matter, and similar items, intended to create and enhance the good will of the company," which the company obligated itself to supply to Jass, and for which Jass was not obligated. Hence it was sufficient to withstand a general demurrer as to the first count. *Cornett v. Frederic W. Ziv Co.*, 93 Ga. App. 840 (2) (93 SE2d 188).

Insofar as the allegations of fraud are concerned, we agree that these are insufficient to constitute a defense. It is not alleged that the company failed to do anything it was obligated to do under the contract, which defendant admits to be a fair one on its face. The allegations that the company had no intention of performing its obligations are no more than conclusions, unsupported by any fact. No bad faith in the execution of the contract appears from the allegations made and hence no right to recover attorney's fees and expenses of litigation is shown.

However, whether the account sued on is, under the contract terms, an account stated is another question of fact, for it is provided in Paragraph 6 that the company shall furnish a monthly statement to Jass setting forth all debits and credits, advances made and commissions created, and that unless objection is made within 30 days from its mailing or delivery it shall be held to be an account stated and all claims of the salesman relative thereto shall be barred. It is not alleged whether the statements were furnished, whether the notice was given, or whether, if so, any objection was made. Hence, the denial of the indebtedness in the answer is sufficient to withstand a general demurrer as to the second count, and it was error to strike it. *Jones v. Lawman*, 56 Ga. App. 764, 769 (194 SE 416).

*Judgment reversed. Felton, C. J., and Hall, J., concur.*