MAY MANTEL CO. *v.* UNITED STATES BLOW-PIPE CO.

1. As to amending the declaration, this case is ruled by the case of *Bass Furnace Co.* v. *Tumlin*, March term, 1894, and cases cited. 93 *Ga.* 594.
2. The written contract between the parties stipulating that the work done should be paid for at so much per pound for the material used and so much per hour for the labor, evidence that the plain-

tiff, by its agent who made the contract in its behalf, represented that all the cost would not exceed a specified sum, was inadmissible, the necessary effect of it being to qualify or vary the terms of the writing in their application to the undisputed facts.

3. The evidence in the record shows that the plaintiff complied with the contract on its part, and that the reason why the defendant did not continue to obtain results such as were obtained at first was that the fan failed; and this failure having occurred after performance by the plaintiff was complete, and the contract not imposing on the plaintiff any duty or responsibility touching the continuous efficiency of the fan, the facts in this regard present no defence whatever to the action, either as to the whole or any part of the demand.

4. There was no error in refusing to grant a new trial.

June 30, 1894.

Action on account. Before Judge WESTMORELAND. City court of Atlanta. January term, 1894.

R. J. JORDAN, for plaintiff in error.

HALL & HAMMOND and L. P. SKEEN, *contra.*

SIMMONS, Justice.

1. The United States Blow-Pipe Company brought its action against the May Mantel Company on an open account, in the statutory form, attaching a bill of particulars thereto. Subsequently the plaintiff offered to amend the declaration by setting out a written contract between it and the defendant, showing that the articles sued for in the bill of particulars had been agreed on in the written contract. The defendant objected to the amendment on the ground that it introduced a new cause of action, the suit having been brought on an open account and no reference being made to a written contract. The court allowed the amendment, and error is assigned thereon. This point is ruled by the decision in the case of *Bass Furnace Co.* v. *Tumlin,* March term, 1894. Under that decision, there was no error in allowing the amendment. 93 *Ga.* 594.

2. The written contract above referred to stipulated that the plaintiff was to receive eighteen cents per

pound for the piping, forty cents per hour for the mechanics furnished, and one fourth their railroad fare both ways between Cincinnati and Atlanta. On the trial the defendant offered to prove that the plaintiff's agent who made the contract represented that the entire cost of the work would not exceed a specified sum. This was objected to by counsel for the plaintiff, and the court ruled that such evidence was inadmissible, as varying the written contract. There was no error in so holding. The necessary effect of such evidence would be to qualify or vary the terms of the writing in their application to the undisputed facts.

3. Under the contract the plaintiff was to furnish and put in place piping for the purpose of carrying off shavings and dust from certain machinery of the defendant, and was also to put in place an exhaust fan, furnished by the defendant, which was to be connected with the piping so as to supply air to drive the shavings etc. through the pipes. The defendant pleaded that the work had failed to come up to the contract; and evidence was introduced to show that, several days after the piping and fan had been put in place and while being used for the purpose intended, the pipes began to choke up with shavings, and when relieved would soon become choked up again, so that they could not be used for that purpose. This, however, it appeared, was due to the failure of the fan furnished by the defendant to supply enough air to drive the shavings through the pipes, and not to any defect of the pipes themselves; and it appears that when the work was completed by the plaintiff and accepted by the defendant, and for several days after, the fan operated satisfactorily. It does not appear that the failure of the fan to continue working as it did at first was due to any fault of the plaintiff; and the plaintiff did not warrant that it would continue to work satisfactorily. The failure to do so having occurred

after the plaintiff had performed its contract, and the contract not imposing on the plaintiff any duty or responsibility touching the continuous efficiency of the fan, the facts in this regard present no defence whatever to the action, either as to the whole or any part of the demand. The evidence warranted the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed.*