KING *et al v.* MEYER *et al.*

*Atkinson, J.*—An examination of the record does not disclose that there was any abuse of discretion in setting aside the verdict and judgment obtained by the plaintiffs in error in the court below at the same term at which they were rendered. Whether the case was, or was not, legally ripe for trial, it is manifest that, under the rules of practice prevailing in that court, the case was tried prematurely, and the verdict and judgment improvidently allowed.        *Judgment affirmed.*
December 2, 1895.

Motion to set aside judgment.   Before Judge Van Epps.   City court of Atlanta.   March term, 1895.

On February 12, 1895, an attachment was sued out, returnable to the next March term of the city court, and was levied by service of garnishment.   On the first day of the March term, the plaintiffs filed their declaration for damages from a breach of contract.   Two days later they took a verdict and judgment as by default, for the amount sued for.   At the same term, defendants moved to set aside the judgment on numerous grounds.   The court sustained the motion, and plaintiffs excepted.   The judge presiding certifies to the following facts: When the Neel pleading act went into effect, the court, as enjoined by the act, established the practice of calling the appearance docket in open bar meeting on Tuesday after the first Monday in every term.   As the city court has six terms a year, the court has

repeatedly called the appearance docket since that time. Before that act, under the practice as it existed in the city court, a case, even if it appeared to be in default, could not be advanced for judgment or verdict unless it was called up by counsel in open bar meeting and leave for judgment or verdict granted by the court. Immediately on the passage of the Neel act, the court announced to the bar a change in the rule of practice, and the new rule has ever since been in practice, to wit: All cases which, on the call of the appearance docket, have been carried to the default by the judgment of the court, may be called up at any time by counsel for judgment or verdict, and no request for leave need be made as heretofore practiced. Plaintiff's counsel called this case up before Judge Westmoreland, who was presiding in the absence of Judge Van Epps; the case not being in order for advanced hearing under either one of the above stated practice rules. No leave was obtained at any open bar meeting, nor was the case carried to an entry of default by the judgment of the court. On the contrary, the court at the first call of the appearance docket, under the Neel act, on reaching the first attachment case, announced to the bar that its construction of the law was that the amended city court act allowing judgments and verdicts at the first term did not apply to attachment cases, but that the plaintiff had the whole term to file his declaration in, and the defendant the whole term to file his plea; and the court announced that it would not enter "default" in attachment cases, but would simply pass them. The same announcement was made to the bar when the first attachment case was reached on the appearance docket on which the present case appeared; and when this case was reached, the court passed it without any entry of default. The case had not therefore been carried to the default by the court, and was not in default in fact, and it was not in order for verdict when called up by plaintiffs' counsel and verdict rendered; and hence the court set it aside, both be-

cause it was not in order under the practice rule of this court and not ripe for trial under the law itself.

*W. H. Terrell* and *Glenn & Rountree*, for plaintiffs.

*Candler & Thomson*, for defendants.