### 9146. JONES *v.* HODGES, administrator.

1. Where an action is brought on an indebtedness, and the petition, which is not sworn to, alleges that the indebtedness is secured by a deed, but does not allege how it arose, whether upon an account or a promissory note, an answer denying separately by paragraphs the allegations of the petition is legally sufficient, though not verified.

.2. Under the act creating the city court of Quitman, where a valid plea is filed and a jury trial demanded at or before the call of the appearance docket, the case should be transferred to the jury docket for trial at the next jury term of the court. The plea in the instant case being a valid plea, and, together with the demand for jury trial, having been filed in time, the court erred in striking the plea and jury demand at the appearance term and in entering up judgment against the defendant at that term.

3. The motion to set aside the judgment, to reinstate the plea, and to allow the case to be tried by a jury, which was made by the defendant at the next term of the court, should therefore have been sustained by the trial judge.

DECIDED JANUARY 21, 1918.

Motion to set aside judgment; from city court of Quitman— Judge Long. July 9, 1917.

E. E. Hodges, as administrator of J. C. Hodges, brought suit

to the January term, 1917, of the city court of Quitman against M. F. Jones. The suit was for an indebtedness of $2,000, and alleged that a deed to a certain tract of land described in the petition was given by Jones to J. C. Hodges to secure that indebtedness. The petition does not disclose whether this indebtedness is on open account or promissory note; it does not indicate, in fact, how the indebtedness arose. The petition prays for a judgment against the defendant for the said sum, and for a lien against the land described. A copy of the deed is attached to the petition. The defendant filed an answer at the January term, 1917, before the call of the appearance docket. The answer was as follows: "1. Defendant admits that he is a resident of said county of Brooke. 2. Said defendant denies the second paragraph as well as subsections a and b of said paragraphs. 3. Defendant denies paragraph three of said petition. Defendant demands a trial by jury, and prays that he may be discharged without cost."

At the appearance term the plaintiff demurred to the answer and moved to strike it, upon the following grounds: "1. Because the suit of plaintiff is based upon written evidence of indebtedness, and the answer of defendant amounts to nothing more than a general denial, which is not sustainable under law. 2. Because said answer is vague and indefinite and not sufficiently specific to inform plaintiff of the nature of the defense of the defendant. 3. Because the answer of the defendant is not verified as required by law when the suit is based upon a deed to secure debt." The court sustained this motion to strike and allowed the plaintiff, without any verdict being entered, to take judgment against the defendant at the January, or appearance, term. The defendant was not present when his plea was stricken and judgment entered against him.

At the April term, 1917, the defendant made a motion in the city court to set aside the order striking his answer, and to set aside the judgment in favor of the plaintiff, entered by the court without a jury, and further praying that the court reinstate his plea and try the case on its merits before a jury. This motion was based upon various grounds, substantially as follows: That plaintiff's suit is not a good suit in law, and no good and valid judgment could be entered thereon, because it does not declare upon any cause of action; that the answer filed by the defendant was a

good answer in law and a complete denial of plaintiff's cause of action; that it did not need to be sworn to, and that it was illegally stricken by the court; and further, that it was illegal for the court, at the appearance term of the case, to enter a judgment against the defendant, the court being without authority to do so because the defendant had, before the call of the appearance docket, filed in writing a demand for jury trial, and this demand for a jury trial transferred the case, as a matter of law, to the April term of the court; that the court was without power and authority to enter up a judgment without a jury against the defendant at the appearance term, and that the rendition of the judgment in the case was therefore void. The motion further recites that it is made under oath, that the defendant sets up a meritorious defense, has paid the costs, and announces ready to proceed with the trial of the case, and he sets out as exhibits all of the proceedings in the case. The court granted a rule nisi, directing the plaintiff to show why the motion to set aside the judgment should not be granted and the defendant allowed to refile his plea and answer, and the case be tried on its merits, and requiring that a copy of the petition and motion be served on the plaintiff.

The plaintiff answered this motion, denying each paragraph thereof. Upon the hearing of the motion the court refused to set aside the judgment and to reopen the case, and to this order the defendant excepts. Upon the hearing of the motion the defendant testified: "I got Mr. Baum, attorney, to prepare my answer for me. He prepared it and told me, when filed, it would carry the case over to the April term of the court. I relied on the statement and advice given me by said Baum, attorney, and did not attend the court any further." The attorney was present and stated: "I prepared the plea for Mr. Jones as a matter of accommodation to him; did not agree to represent him in the case, but, on the contrary, told him I would not represent him, that I would only prepare the answer for him. I told him if he signed and filed that answer, it would carry the case over to the April term of court. It had not been the custom in the city court of Quitman to hear demurrers to suits and answers at the appearance term. It had been customary to hear them at the trial term. In the majority of cases, they have gone over to the trial term for hearing."

*O. M. Smith,* for plaintiff in error.

*Bennet & Harrell,* contra.

HARWELL, J. (After stating the foregoing facts.) The defendant filed a good plea, and the court erred in striking it. The plea did not have to be sworn to. The suit was not upon an unconditional contract in writing, and the petition was not verified. Civil Code (1910), §§ 5638, 5660. The petition does not indicate how the indebtedness arose, whether on account or promissory note; the plea should not have been stricken for any of the reasons alleged. Civil Code (1910), §§ 5634, 5636; *Ocean Steamship Co.* v. *Anderson,* 112 *Ga.* 835 (38 S. E. 102); *DeSoto Co.* v. *Hammett,* 111 *Ga.* 24 (36 S. E. 304); *Kahn* v. *Southern Building & Loan Asso.,* 115 *Ga.* 459 (4) (41 S. E. 648). The decisions holding that a general denial of certain paragraphs of the petition is insufficient relate to suits on promissory notes, and in that respect differ from the instant case. *Johnson* v. *Cobb,* 100 *Ga.* 139 (2) (28 S. E. 72); *Lester* v. *McIntosh,* 101 *Ga.* 675 (29 S. E. 7).

The act establishing the city court of Quitman (Ga. L. 1912, p. 293) provides: "Section 14. The first term shall be the appearance term, and the second term the trial term, of all civil cases except cases in which trial by jury shall have been demanded by either party; provided, however, that in all cases in which no defense has been filed upon the call of the appearance docket or in which the defense may be stricken, judgment may be entered at the first term thereof. That the regular term held in the months of January, April, July and October shall be jury terms, at which terms all cases in which trial by jury has been demanded, and which are ripe for trial under this act shall stand for trial by the judge and a jury of twelve men." Section 15 provides: "In any case where a trial by jury is demanded in writing by either party before or upon the call of the appearance docket, said case shall be transferred to the jury docket of said court, and shall stand for trial by a jury at the next jury term of said court. . . The parties in any cause shall be entitled to a trial by jury in said court by entering a demand by themselves or their attorneys in writing as herein provided before or upon the call of the appearance docket; provided, that it shall be the duty of the judge of said city court to call the appearance docket at some time fixed by him during the term for the purpose of ascertaining in what cases trials by jury have been demanded, and for the purpose of entering judgment in cases in which no defense has been filed."

Section 16 provides that "the judge of said city court shall have the power and authority to hear and to determine all civil cases of which said court has jurisdiction, and give judgment therein; provided, always, that either party in any cause shall be entitled to a trial by jury in said court upon entering a demand therefor, by himself or attorney, in writing as provided for in section 15." Section 24 provides "that the clerk of the city court of Quitman, in addition to the regular issue dockets, shall keep a docket which shall be called a jury docket, in which shall be entered all cases in which trial by jury is demanded," etc.

Under the provisions of this act, the defendant's plea having been filed and a jury demanded before or upon the call of the appearance docket, at the January term, the case should have been transferred to the jury docket of the court, and would have been ripe for trial at the next jury term (the April term). The court was without authority to give judgment against the defendant. He was denied his constitutional right of trial by jury. He complied strictly with the law in filing his plea and in demanding a jury trial. The court struck the plea and the demand and exercised jurisdiction of the case at the appearance term, and rendered judgment at once without a jury and without a hearing, in the absence of the defendant.

Whether under the terms of this act, where a jury is demanded but no plea filed, the court would have authority to enter up judgment without the verdict of a jury, at the first term, need not be determined. Suffice it to say that a good plea was filed in the instant case. The judgment was voidable and could be set aside on motion timely made. Civil Code (1910), §§ 4358, 5957; *Welch* v. *Singleton,* 95 *Ga.* 519 (20 S. E. 496); *Phillips* v. *Phillips,* 124 *Ga.* 912 (53 S. E. 457); *Murray* v. *Derrick,* 101 *Ga.* 113 (28 S. E. 616); *King* v. *Meyer,* 97 *Ga.* 379; (24 S. E. 32); *Horrigan* v. *Savannah Grocery Co.,* 126 *Ga.* 127 (54 S. E. 961); 17 Cyc. 1072; 23 Cyc. 924. The motion to set aside was made at the first term of court (the April term) after the defendant discovered that his plea and jury demand had been stricken and judgment rendered against him. It was shown by him that he procured an attorney to prepare the answer for him, and that this attorney told him that when the answer was filed it would carry the case over to the April term. He relied on the attorney's state-

ments and did not appear at the January term. Under the facts as they appear in the record we think that the court should have sustained the defendant's motion to set aside the order striking the plea and jury demand, and also the judgment entered in favor of the plaintiff, and should have reinstated the plea and jury demand and let the case be tried by a jury on its merits. That the defendant did not appear at the January term when his plea was stricken and did not discover that judgment was entered against him until too late to certiorari or make a motion for a new trial would not, under the particular facts of this case, preclude his right to move to set aside this voidable judgment. Regardless of the assurances given him by his attorney that the case would go over to the April term, or of the custom of the court, the act of 1912, supra, distinctly says that when a jury is demanded, as therein provided, the case "*shall be transferred to the jury docket of said court, and shall stand for trial by a jury at the next jury term of said court.*" The defendant certainly had the right to presume that his case would be transferred to the jury docket and stand for trial at the April term. The court therefore erred in overruling the motion, and the judgment is

*Reversed. Broyles, P. J., and Bloodworth, J., concur.*