THE BRANTLEY COMPANY *v.* MEMORY.

No. 17715.   ARGUED JANUARY 15, 1952—DECIDED FEBRUARY 11, 1952.

*Harvey D. Griffin, J. R. Walker* and *E. O. Blalock,* for plaintiff.
*J. H. Highsmith* and *John S. Gibson,* for defendant.

WYATT, Justice. ■ The first question presented is whether or not it was error to allow the amendments to the answer of the defendant, and to refuse to strike the answer. It is contended that the original answer was no answer and should have been stricken. This can not be true for the reason that the petition alleged a claim for damages and sought an injunction. The denial of the allegations, the basis for seeking this relief, certainly amounted to an answer and was not subject to be stricken.

It is further contended that the answer should have been stricken, for the reason that the defendant had disclaimed title and was in no position to contest the dividing line between the two tracts of land in question. Even if this were true, it would have been no reason for striking the entire answer. We, however, do not construe the answer of the defendant to be a disclaimer of title. "A disclaimer is not a plea, but a refusal to plead, and is a denial of right of title although not necessarily a denial of prior possession." Wilson *v.* McCoy, 93 W. Va. 667 (117 S. E. 473). In the instant case, the defendant did not refuse to plead, but filed a plea with the paragraphs properly numbered, denying all of the allegations of the petition except that he was a resident of the county. This he was forced to do because to have admitted the allegations of the petition as pleaded by the plaintiff as to the defendant's ownership would have been to admit that the plaintiff owned the strip of land in question. Since he had an answer, he had the right to amend. On the question of the right to amend, see *Richardson* v. *Hairried,* 202 *Ga.* 610 (44 S. E. 2d, 237).

■ In so far as the general grounds are concerned, we deem it sufficient to say that the evidence did not demand a verdict in favor of either party.

■ Grounds 4, 5, 6, 7, 8, 9, 10, 11, and 14 of the amendment to the motion for new trial all complain of the failure of the trial judge to give requests to charge. These requests were all addressed to the subject of adverse possession; and, except as will

appear hereinafter, we deem it sufficient to say that the requests were substantially covered by the charge given to the jury.

■ It is insisted that the failure to charge the law of title by adverse possession under color of title for seven years was error. Possession under color of title was not involved in this case. The twelve-foot strip of land in question was not included in both the deed of the plaintiff and the deed of the defendant, and did not purport to be conveyed by both deeds. It was conveyed by one deed or the other, and not by both. The question of which deed conveyed the strip of land in question depended upon the location of a street line on one of the outside boundaries of the two tracts of land in question. When this question of fact was determined —and it was a question of fact for the jury in this case—the ownership of the twelve-foot strip of land was determined in so far as the description contained in the deeds was concerned. This being true, it was not error to fail to charge on the subject of adverse possession under color of title.

■ The principles of law contained in the requests to charge complained about in grounds 12 and 13 of the amendment to the motion for new trial, in so far as applicable to this case, were substantially covered by the general charge.

6. Ground 15 of the amendment to the motion for new trial complains because the court failed to charge the jury as follows: "I charge you that actual possession by one person is inconsistent with, and will prevail over, constructive possession by another claimant." There is no merit in this contention, for the reason that the judge in the charge said: "Actual adverse possession of lands by itself for twenty years shall give good title by prescription against everyone, except the State, or persons laboring under disabilities."

7. The complaint made in ground 16 of the amendment to the motion for new trial has been dealt with in division 4 of this opinion. It follows from what has been said above, no error appears from this record.

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I dissent upon the ground that this court has repeatedly held, under the statutes authorizing one to request in writing an appropriate charge, that

a right is conferred to have the judge charge in the exact language contained in such request, and this right is not protected by the mere fact that in the language chosen by the judge he has covered the substance of the request. The decisions on this question are in conflict, but the oldest decision, *Terry* v. *State,* **17** *Ga.* 204, sustains this dissent and many decisions follow that ruling. See *Lamb* v. *Girtman,* **26** *Ga.* 625, and *Werk* v. *Big Bunker Hill Mining Corp.,* 193 *Ga.* 217 (17 S. E. 2d, 825).