36907, 36923.   GORDY TIRE COMPANY *v.* BULMAN;
and *vice versa.*

Decided November 21, 1957—Rehearing denied
December 4, 1957.

*Clinton J. Morgan, Wright, Rogers, Magruder & Hoyt,* for
plaintiff in error.

*A. Cecil Palmour,* contra.

Carlisle, J.   Gordy Tire Company sued Leonard W. Bulman,
doing business as Bulman Oil Company, on an alleged open
account in the sum of $948.80, plus interest, at the rate of 7 per-
cent per annum from August 1, 1956.   The petition was in the
short form, usually referred to as the Jack Jones form, and the
plaintiff attached thereto what appear to be copies of its ledger
sheets showing entries beginning on December 11, 1954, and
running through one entry dated simply July, 1956.   These
copies of the ledger sheets showed a beginning balance due of
$1,698.48 with entries of charges and credits thereon, unidenti-
fied except as to date and amount, and closing with a balance
of $948.80, the principal amount sued for.   The defendant filed
general and special demurrers to the petition and the trial court
entered a judgment overruling all grounds of the demurrer ex-
cept two which attacked the petition on the ground that the
copy of the account did not constitute the copy of an account
required by law to be attached, the same being "only an un-
intelligible jumble of figures and numbers, none of which are
identified with either purchases, payments or balances," and on
the ground that the "account does not show what, if anything,
was purchased by defendant, nor does it name any item that
was allegedly purchased nor when any item was purchased."   In

response to this order, the plaintiff filed an amendment and attached thereto eight sheets which appear to be copies of invoices of merchandise delivered by the plaintiff to the defendant on various dates covered by the ledger sheets previously exhibited, but not embracing all of the items of charge or credit set forth thereon, the total of said eight invoices being $964.80. Each of these invoices also carried a clause in the nature of a title retention by the plaintiff of the merchandise delivered thereon, but the amendment to the petition contained no language indicating in any manner an intention by the plaintiff to rely on anything other than the original action on open account. The defendant filed a renewed general demurrer on the ground that the amendment materially changed the cause of action in that the original suit was on an open account but that the amendment purported to set up an express contract; on the ground that the documents attached to the petition were not copies of an account but were copies of express contracts which contradicted and nullified the general allegations of the petition; and on the ground that the plaintiff had failed to amend the petition within the time and manner allowed for amendment by the court and its prior order. The court overruled all grounds of this demurrer. The defendant also filed an answer in which he denied any indebtedness to the plaintiff. The case proceeded to trial before a jury, and at the conclusion of the evidence the plaintiff made a motion for a directed verdict which the court denied. The jury was unable to agree upon a verdict and the court declared a mistrial. Thereafter the plaintiff made a motion for a judgment in accordance with its motion for a directed verdict. The trial court denied that motion, and the plaintiff filed a bill of exceptions to this court complaining of that judgment and contending that the evidence demanded a verdict for the plaintiff at least in the amount sued for. The defendant has filed a cross-bill of exceptions complaining of the last order of the court overruling the demurrers to the amended petition.

■ The petition as amended was sufficient to withstand the demurrers interposed by the defendant. The petition in this case being in the Jack Jones form, only slight averments were necessary to state a cause of action. It was sufficient to allege that the

defendant was indebted to the plaintiff in a stated amount and to attach to the petition a copy of the account duly itemized. *Henry Darling, Inc.*, v. *Harvey-Given Co.*, 40 *Ga. App.* 771, 775 (151 S. E. 518). It is not necessary that items of credit be set forth in the petition with the same particularity as charges (*Gaulding* v. *Courts*, 90 *Ga. App.* 472, 475 (3), 83 S. E. 2d 288), and the ruling of the trial judge in overruling the demurrers to the amended petition which constituted a ruling that the amendment had complied with the earlier order, will not, in the absence of a manifest error in this respect, be reversed by this court.

The amendment did not change the action from one on open account to one on an express contract, as contended in the second ground of the renewed demurrer. An action on open account may be based either on an express or an implied promise to pay (*Hurt & Quinn, Inc.* v. *Keen*, 89 *Ga. App.* 4, 6, 78 S. E. 2d 345), and the mere fact that by amendment the plaintiff attaches documents which indicate that he might have pursued some other remedy in enforcing his claim against the defendant is not sufficient to bar his recovery where, viewed as a whole, the action remains simply one on open account. *Tumlin* v. *Bass Furnace Co.*, 93 *Ga.* 594 (2) (20 S. E. 44); *Burch* v. *Harrell, Cadwell & Co.*, 93 *Ga.* 719 (20 S. E. 212); *May Mantel Co.* v. *United States Blow-Pipe Co.*, 93 *Ga.* 778 (21 S. E. 142). The trial court did not err in overruling any of the grounds of demurrer interposed to the amended petition.

■ The oral evidence in this case for the plaintiff is vague, equivocal and wholly insufficient to convince this court that the defendant is indebted to the plaintiff in any particular amount. The oral testimony as to the balance shown on the ledger sheets was admitted by the court for the limited purpose of showing how the plaintiff kept its books. No finding was made by the court as to the documentary evidence in accordance with the provisions of the Act of 1952 (Ga. L. 1952, p. 177; Code, Ann., § 38-711). For this reason the documentary evidence, unsupported by oral testimony, does not require a verdict for the plaintiff. Under these circumstances, we cannot say as a matter of law that the court should have directed a verdict for the plaintiff for the amount sued for, and it was not error for the

court to deny the motion for the judgment in accordance with the motion for a directed verdict.

*Judgment affirmed on both bills of exceptions. Gardner, P. J., and Townsend, J., concur.*