### 39464. THOBEN ELROD COMPANY v. HOLIDAY.

RUSSELL, Judge. 1. Where the court sustains certain general and special demurrers to a petition with leave to amend, such judgment is not final, and the court after amendment shall enter a new judgment which entirely supersedes the original or interlocutory judgment. *Code Ann.* § 81-1001. General demurrers and special demurrers to portions of the petition materially altered by amendment must be renewed after amendment if they are still relied upon; otherwise the questions raised thereby are extinguished. *McCormick v. Johnson,* 213 Ga. 544 (3) (100 SE2d 195).

2. While *Code* § 81-105 requires that suits on account be accompanied by a bill of particulars, failure to attach a proper bill of particulars must be raised by special rather than general demurrer. *McClellan v. Rawling,* 16 Ga. App. 146 (2) (84 SE 616).

3. Where a suit on open account is in the "Jack Jones" form, only slight averments are necessary to state a cause of action. *Gordy Tire Co. v. Bulman,* 96 Ga. App. 739 (1) (101 SE2d 220). The petition here was in such form, the bill of particulars attached being, however, nothing more than a statement of a balance due as of a given date. It was attacked by

proper general and special demurrers, which the trial court sustained with leave to amend. The defendant thereafter amended by attaching photostatic copies of eight invoices, each of which shows certain merchandise sold by plaintiff to defendant. All but one of the invoices identify each item by name and unit price as well as total price; the remaining invoice identifies the merchandise by model number. Each shows the quantity, amount, date order received, and date shipped. Accordingly, even as against special demurrer, the attached bill of particulars substantially complies with the requirements set out in *Kilgore v. Gulf Oil Corp.*, 102 Ga. App. 619 (117 SE2d 199). The defendant, however, failed to file any objection or demurrer to the amendment or to renew his special demurrers to the petition as amended. He apparently made an oral motion to dismiss the petition in the nature of a general demurrer at the trial term, and this motion was sustained. While further information might have been called for by the plaintiff as to certain of the invoices by appropriate special demurrer, this action was not followed, and the petition as amended clearly stated a suit on account with a bill of particulars sufficiently clear to enable the defendant to know against exactly what purchases he was called upon to defend.

The trial court erred in sustaining the motion and dismissing the petition.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED APRIL 12, 1962—REHEARING DENIED MAY 1, 1962.

R. E. Fendler, de Give & Fendler, for plaintiff in error.
Marson G. Dunaway, Jr., contra.