41480.   KEISER v. AMERICAN EXPRESS COMPANY.

SUBMITTED SEPTEMBER 7, 1965—DECIDED SEPTEMBER 29, 1965—
REHEARING DENIED OCTOBER 20, 1965.

494

*Jones, Bird & Howell, Ralph Williams, Jr., Richard A. Allison,* for plaintiff in error.

*Lipshutz, Macey, Zusmann & Sikes, Richard A. Katz, Norman Buchsbaum,* contra.

JORDAN, Judge. 1. The answer filed by the defendant in this case was clearly defective in form since it was not specifically and expressly made in response to the different counts of the petition. As such it was subject to special demurrer which is the proper remedy to reach an imperfection of this nature which can be cured by amendment. *Green v. Hambrick,* 118 Ga. 569 (4), 572 (45 SE 420). By failing to file a timely special demurrer the plaintiff waived this defect in the form of the answer. *Green v. Hambrick,* supra.

2. An answer is not subject to general demurrer or motion to strike, no matter how defective in some respects it may be, if it contains any matter of substantial right which the defendant can properly present therein. *Medlock v. Wood,* 4 Ga. App. 368 (61 SE 516) ; *Tuxworth v. Barber,* 21 Ga. App. 748 (94 SE 1042). Where an answer is good in part it is error to strike the entire answer and such error will render all future proceedings in the case nugatory. *Jones v. Lawman,* 56 Ga. App. 764 (194 SE 416) ; *Wilson v. Tumlin,* 103 Ga. App. 654 (120 SE2d 196) ; *Bowles v. White,* 206 Ga. 433 (2) (57 SE2d 547).

The plaintiff did not specially demur to the defendant's answer here but filed a motion to dismiss the answer in its entirety on the ground that the petition in this case set forth a cause of action to recover on an unconditional contract in writing and that the answer merely constituted a general denial and was insufficient as a matter of law to set forth an issuable defense. The trial court in sustaining this motion held that the answer did constitute a general denial and was not permissible under law.

This ruling was erroneous. Neither count of the petition showed this suit to be based upon a promissory note or other unconditional contract in writing, it simply being alleged in count 1 that the defendant was indebted to the plaintiff on a contract (the nature of the contract not being alleged) and in count 2 that the defendant was indebted to the plaintiff on account. While an answer which merely denies by paragraphs the allegations of a suit on an unconditional contract in writing constitutes nothing more than a plea of the general issue and may be properly stricken on general demurrer (*Johnson v. Cobb,* 100 Ga. 139 (2), 28 SE 72), such rule is inapplicable to a case where the petition does not show that the alleged indebtedness arose out of an unconditional contract in writing. *Jones v. Hodges,* 21 Ga. App. 594, 597 (94 SE 831); *DeSoto Plantation Co. v. Hammett,* 111 Ga. 24 (36 SE 304). In such case, "a denial of the allegations of the petition, whether made in a single sentence or in as many sentences as there are paragraphs in the petition, is specific in its nature, and meets the objections to a plea of the general issue by reducing to an issue each allegation made by the petition." *Ocean Steamship Co. v. Anderson,* 112 Ga. 835, 837 (38 SE 102); *Code* § 81-306. A plea of the general issue or general denial denies no special allegation of the petition. "It is simply a conclusion of the pleader that he is not indebted in manner and form as alleged." *Ocean Steamship Co. v. Anderson,* supra, p. 837.

Accordingly, since it did not appear from the petition that this suit was based upon an unconditional contract in writing, the defendant's answer which admitted the allegations of paragraph 1 and denied the remaining paragraphs, 2, 3, and 4, did not

constitute a general denial or plea of the general issue; and the answer, having denied material allegations of the plaintiff's petition, was sufficient to set forth an issuable defense as against general demurrer or motion to dismiss. *Brantley Co. v. Memory,* 208 Ga. 706 (69 SE2d 190). "The plaintiff's action having been founded upon a conditional contract, and the petition alleging in different paragraphs material facts which plaintiff had to prove in order to recover, a plea denying the truth of such material allegations, paragraph by paragraph, constituted a meritorious defense and should not have been stricken on demurrer." *Kahn v. Southern Bldg. &c. Assn.,* 115 Ga. 459 (4) (41 SE 648).

The trial court erred therefore in striking the defendant's answer in its entirety and such error rendered the subsequent proceedings in this case nugatory. *Wilson v. Tumlin,* 103 Ga. App. 654, supra.

*Judgment reversed. Felton, C. J., and Deen, J., concur.*