41684. WILLIAMS v. COMMERCIAL TIRE COMPANY.

SUBMITTED JANUARY 10, 1966—DECIDED FEBRUARY 8, 1966.

Telford, Wayne & Greer, Joe K. Telford, for appellant.

Stow & Garvin, Frank B. Stow, Wendell C. Lindsey, for appellee.

JORDAN, Judge. Properly construed, this was an action on open account and not a suit on an unconditional contract in writing. Gordy Tire Co. v. Bulman, 96 Ga. App. 739 (1) (101 SE2d 220). Accordingly, the defendant's answer which denied the allegations of indebtedness and demand for payment was sufficient to set forth an issuable defense to the action and the

trial court erred in dismissing the answer and in entering a default judgment in behalf of the plaintiff. *Jones v. Hodges*, 21 Ga. App. 594 (1) (94 SE 831); *De Soto Plantation Co. v. Hammett*, 111 Ga. 24 (36 SE 304); *Keiser v. American Exp. Co.*, 112 Ga. App. 493 (145 SE2d 698).

While Exhibit "A" to the petition was styled a "Conditional Sale Contract and Chattel Mortgage," it was not alleged in the petition that such contract had been executed by the parties and the instrument was not declared upon as the basis of the plaintiff's cause of action, the petition merely alleging that the defendant was indebted to the plaintiff in a stated amount as more fully shown by an attached bill of particulars which is an itemized statement of account.

As held by this court in *Chatham Abattoir &c. Co. v. Painter Engineering Co.*, 28 Ga. App. 383 (111 SE 82), "In such a suit, the contract not being declared on, its breach does not constitute the cause of action, but the contract can be used merely as evidence of the indebtedness." Since the petition in this case did not expressly declare upon a written contract as the basis of the suit, it was not necessary for the defendant to file a sworn plea of non est factum in order to be entitled to deny the execution of the contract or claim a material alteration therein should it be introduced on the trial of this case as evidence of the indebtedness sued upon. *Howard Piano Co. v. Glover*, 7 Ga. App. 548, 549 (67 SE 277).

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*