42929. OFFICIAL CHAMPIONSHIP SPEEDWAY, INC. v. JUPITER BROADCASTING OF GEORGIA, INC.

ARGUED JULY 5, 1967—DECIDED SEPTEMBER 5, 1967.

*Poole, Pearce & Cooper, Robert R. Smith,* for appellant.

*Maley & Crowe, D. Freeman Hutton,* for appellee.

FELTON, Chief Judge. The court erred in not vacating and setting aside the judgment dismissing the defendant's answer and the final judgment against the defendant. While the petition alleges that the action is on "an account," there are other kinds of "accounts" than "open" accounts. If this action is on any kind of account it is not an action on an open account. In some cases an action may be brought on open account where there is a contract relating to obligations declared on in actions on open account. In this case the executory contract is pleaded as a part of the petition. It deals in detail with every duty of both parties and the exhibit shows copies of records presumably from records kept by the plaintiff showing partial performance of the contract—the contract having been terminated prematurely by permissive cancellation. In such a case as this the conclusion is required that the action is for a breach of a written contract. In such a situation a plaintiff filing such an action is hardly in a

position to require a defendant to "toe" so technical a line as it contends for here. *Keiser v. American Exp. Co.*, 112 Ga. App. 493 (145 SE2d 698). There is no real distinction between the petitions in this and the *Keiser* case. In that case the petition did not show that the contract was unconditional and in writing. Here the contract showed on its face that it was executory and conditional. But even if it could be said that an action on some kind of account could be brought in a case where every condition of liability is covered in detail by a written contract, *Code* § 81-410 does not cover it because this section deals exclusively with contracts on open accounts. For definitions of various kinds of accounts see: 1 CJS 571, 574, 575, Account; *Nisbet v. Lawson*, 1 Ga. 275, 287, 288; *Smith v. Ellington*, 14 Ga. 379, 382, 383; *Davies v. Turner*, 61 Ga. App. 531 (6 SE2d 356).

In the circumstances here the defendant's answer was good under *Code* § 81-306.

*Judgment reversed. Hall and Eberhardt, JJ., concur.*