## 61570. GATOR EXPRESS SERVICE, INC. et al. v. FUNDING SYSTEMS LEASING CORPORATION.

BANKE, Judge.

This is a suit by the lessor of a "forklift" to recover payments allegedly due under the lease agreement. The defendants are Gator Express Service, Inc., which is alleged to be the lessee, and Mr. and

Mrs. L. L. Deas, each of whom signed a "guaranty" agreement guaranteeing the monthly payments in the event of nonpayment by Gator Express. This appeal is from a grant of summary judgment to the plaintiff. *Held:*

1. Because the company which executed the lease agreement as lessee is not Gator Express Service, Inc., but instead a company called City Express Service, Inc., and because there is nothing in the record to indicate that the lease had been assigned to Gator Express, the defendants contend that they have no obligation under it. However in the style of its complaint the plaintiff described Gator Express Service, Inc., as "a Georgia corporation f/k/a City Express Service"; and, following the plaintiff's lead, Gator Express identified itself in the style of its answer as "f/k/a City Express Service, Inc." At no time during the course of the proceedings below has it objected to the assumption that it is the same entity as City Express, but has instead claimed certain rights under the contract in defense of the appellee's claim. Under these circumstances, we hold that Gator Express is not entitled to argue for the first time on appeal that it is a separate entity from City Express.

2. The two individual defendants, Mr. and Mrs. Deas, contend that the judgment against them was prohibited by *Graybar Elec. Co. v. Opp,* 138 Ga. App. 456 (2) (226 SE2d 271) (1976), which holds that a default judgment may not be entered against a guarantor in the absence of evidence establishing the amount of damages. However, the judgment in this case was not entered by default; it was entered upon motion for summary judgment after the defendants had filed an answer.

3. The defendants contend that the claim is barred by the 4-year statute of limitation applicable to suits on open account. See Code § 3-706. However, this is not a suit on open account but a suit upon a written contract. Consequently, the statute of limitation is six years. See Code § 3-705.

4. Mrs. Deas contends that the claim against her is barred by former Code Ann. § 53-503 (repealed by Ga. L. 1979, pp. 466, 490), which was in effect at the time she executed the guaranty contract and which provided, in pertinent part, as follows: "The wife may not bind that portion of her separate estate which is composed of tangible personal property by any contract of suretyship . . ." However, as no such defense was advanced in the court below, it may not now be considered on appeal. Accord, *Wall's Odorless Cleaners, Inc. v. Allen,* 49 Ga. App. 512 (3) (176 SE 93) (1934).

5. The trial court erred in ruling that the plaintiff was not required to apply the proceeds received from the sale of the forklift upon repossession to the balance owing on the indebtedness.

Paragraph 12 of the contract, setting forth the remedies available to the lessor in the event of nonpayment, provides as follows: "If [upon repossession] the proceeds of any sale or re-rental of the equipment after deducting cost of taking, storage, attorney's fees, repair, sale, re-rental, or any other costs are insufficient to pay the said costs and obligation, lessee agrees to pay any deficiency." Since the plaintiff has never responded to the allegation contained in the defendants' answer that the plaintiff repossessed and sold the forklift, a material issue of fact remains as to the amount of offset to which the defendants are entitled, and the grant of summary judgment to the plaintiff is accordingly reversed.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 20, 1981.

L. L. Deas, *pro se.*

H. William Cohen, Sheldon R. Wittner, Thomas D. Richardson, for appellee.