A99A0391. HARPER v. CARROLL TIRE COMPANY, INC.
(516 SE2d 811)

Judge Harold R. Banke.

Carroll Tire Company, Inc. filed a complaint on account against James Harper, Jr. and The Original Harper Tire, Inc. to recover a principal indebtedness of $24,669.06 and interest. A default judgment was entered against the corporate defendant because it did not file a timely answer. The individual defendant did answer in a timely fashion, but, on motion by plaintiff, the court struck his original and amended answers and entered default judgment against him on the ground that his defensive pleadings failed to comply with OCGA § 9-10-112.

OCGA § 9-10-112 provides that

[w]henever an action is brought on an open account and the same is verified by the plaintiff as provided by law, the answer either shall deny that the defendant is indebted in any sum or shall specify the amount in which the defendant

admits he may be indebted and it shall be verified as required by law.

Where a suit is brought on a verified open account and the defendant's plea does not comply with OCGA § 9-10-112's pleading requirements, the plea is properly struck. *Nelson v. Mexicana de Jugos Y Sabores*, 139 Ga. App. 612 (2) (229 SE2d 102) (1976).

The account in this case was not verified as to the individual defendant's liability thereon. The complaint was not verified. Although it was accompanied by a sworn affidavit in which plaintiff's president averred that the indebtedness sued on was owed by the corporate defendant, no testimony was given concerning any debt owed by the individual defendant. Another exhibit to the complaint is a statement of account, but it too identifies only the corporate defendant as a debtor. Since only those allegations of the complaint relating to the corporate defendant were verified, the trial court was not authorized to apply the pleading requirements of the statute to the individual defendant.

The sufficiency of his defensive pleadings was thus governed by the general pleading requirements of OCGA § 9-11-8 (b). In pertinent part, that statute requires a party to state his defenses in short and plain terms, and to either admit or deny the averments upon which the adverse party relies, or to state that he is without knowledge or information sufficient to form a belief as to the truth of an averment which has the effect of a denial. *Bailey v. Bruce*, 132 Ga. App. 782, 784-785 (1) (209 SE2d 135) (1974). Both the original and amended answers filed by the individual defendant complied with these requirements.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 27, 1999.

*Philip S. Coe*, for appellant.
*Howe & Associates, Richard S. Loudermilk*, for appellee.