**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**June 14, 2012**

# In the Court of Appeals of Georgia

A12A0295.  ALTACARE  CORPORATION  v.  DECKER, HALLMAN, BARBER & BRIGGS, P.C.

ANDREWS, Judge.

The law firm of Decker, Hallman, Barber & Briggs, P.C. (DHB&B) sued Altacare Corporation for unpaid legal fees, and the trial court granted DHB&B's motion to strike Altacare's answer for failure to comply with the pleading requirements set forth in OCGA § 9-10-112 applicable to an answer to suit on an open account. The trial court then entered a default judgment in favor of DHB&B. Altacare appeals and we reverse.

Under OCGA § 9-10-112,

[w]henever an action is brought on an open account and the same is verified by the plaintiff as provided by law, the answer either shall deny that the defendant is indebted in any sum or shall specify the amount in

> which the defendant admits he may by indebted and it shall be verified as required by law.

The trial court's order found that DHB&B's complaint set forth an action on an open account, and that, contrary to OCGA § 9-10-112, Altacare's answer failed to either deny it was indebted to DHB&B in any sum or specify the amount in which it admits it may be indebted. In the same order, the trial court found that Altacare was in default and granted judgment in favor of DHB&B for liquidated damages in the amount of $146,962.47 plus pre-judgment interest, post-judgment interest, and costs.

An open account is defined as an account "which has not been finally settled or closed, but is still running or open to future adjustment or liquidation . . . Open account, in legal as well as in ordinary language, means an indebtedness subject to future adjustment, and which may be reduced or modified by proof." *James C. Welch Constr. Co. v. Quantum Group, Inc.*, 188 Ga. App. 740 (374 SE2d 232) (1988).

> A suit on open account is available as a simplified procedure to the provider of goods and services where the price of such goods or services has been agreed upon and 'where it appears that the plaintiff has fully performed [its] part of the agreement and nothing remains to be done except for the other party to make payment.' *Haas v. Jaffe,* 45 Ga. App. 11, 12 (2) (163 SE 226) (1931); accord *Lipsey Motors v. Karp Motors,* 194 Ga. App. 15, 19 (3) (389 SE2d 537) (1989). However,

2

when there is a dispute that goes to either assent to the services, terms of the contract, what work was performed, the quality of the performance, or cost, then suit on account is not the proper procedure for suit, because there is a factual issue other than nonpayment on the account. See *Lawson v. O'Kelley,* 81 Ga. App. 883, 885 (1) (60 SE2d 380) (1950); *Craig v. Augusta Roofing &c.,* 78 Ga. App. 514, 515 (1) (51 SE2d 565) (1949).

*Five Star Steel Constr., Inc. v. Klockner Namasco Corp.*, 240 Ga. App. 736, 738-739 (524 SE2d 783) (1999). Where a verified complaint is brought on an open account, and the defendant's answer does not comply with the pleading requirements of OCGA § 9-10-112, the answer is properly struck. *Harper v. Carroll Tire Co., Inc.*, 237 Ga. App. 767 (516 SE2d 811) (1999); *Baylis v. Daryani*, 294 Ga. App. 729, 730 (669 SE2d 674) (2008); *Riverdale Beverage Corp. v. Brick & Whalen*, 162 Ga. App. 516 (292 SE2d 98) (1982).

DHB&B's complaint alleges that Altacare "engaged the services of [DHB&B] for general corporate matters, including, but not limited to, the defense of multiple claims against Altacare and its affiliates over the years" and that "[DHB&B] has provided legal representation for [Altacare] regarding collection and other legal issues relating to [Altacare's] business of managing long-term health care facilities." The complaint states that the attached and incorporated ledger lists 22 different legal

matters "which details the complete billing and payment history of each matter, along with copies of remaining unpaid invoices for each respective matter." In three counts, the complaint then sets forth claims for "breach of contract" for failure to pay the invoices; "quantum meruit" for the value of legal services rendered; and "attorneys' fees and expenses of litigation" pursuant to OCGA § 13-6-11 for bad faith failure to pay.

The complaint does not allege that the suit was on an open account, nor do any of the three counts in the complaint assert claims on the basis of an open account. Moreover, Altacare's answer asserted the defense that affiliates not named as defendants for whom legal services were performed, and not Altacare, owed unpaid invoices for those services. Accordingly, we find that this was not a proper case to require that Altacare's answer comply with the technical pleading requirements of OCGA § 9-10-112. *Official Championship Speedway, Inc. v. Jupiter Broadcasting of Georgia, Inc.*, 116 Ga. App. 269, 270 (157 SE2d 53) (1967); *Five Star Steel*, 240 Ga. App. at 738-739. The trial court erred in striking Altacare's answer and entering a default judgment in favor of DHB&B.

*Judgment reversed. Doyle, P. J., and Boggs, J., concur.*

4