**THIRD DIVISION**
**ELLINGTON, P. J.,**
**BETHEL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 16, 2018**

# In the Court of Appeals of Georgia

A18A0565. SCOTT v. PRESTIGE FINANCIAL SERVICES, INC.

BETHEL, Judge.

Constance Scott appeals from the trial court's entry of a default judgment after Prestige Financial Services, Inc. ("Prestige") brought a purported suit on account. Prestige filed a verified complaint in the suit alleging that Scott defaulted under the terms of a retail installment sale contract for the purchase of an automobile. The complaint alleged that, following Scott's default, the vehicle had been repossessed. The complaint went on to allege that Prestige had complied with various requirements, including that it had provided certain notices to Scott, that the sale of the vehicle had been commercially reasonable, that the proceeds of the sale had been applied to the account, and that fees incurred in the recovery and disposition of the

vehicle were necessary and reasonable. The complaint alleged that Scott owed a current account balance of $18,326.09.

Prestige verified the complaint, but Scott's responsive pleading was not verified. Prestige then filed a motion to strike Scott's unverified answer and for judgment on the pleadings, arguing that because Prestige's suit sought liquidated damages on an account, the answer was deficient under OCGA § 9-10-112. Scott filed no response to Prestige's motions. The trial court proceeded to grant Prestige's motions and entered a default judgment in favor of Prestige. This appeal followed.[1]

1. Scott first argues that the trial court erred by finding that the verification procedures set forth in OCGA § 9-10-112 applied to the suit at bar. Scott asserts that Prestige was not making a claim for a suit on account but for the recovery of a balance due on a repossessed automobile purchased under a sale of goods contract.

OCGA § 9-10-112 provides that

Whenever an action is brought on an open account and the same is verified by the plaintiff as provided by law, the answer either shall deny that the defendant is indebted in any sum or shall specify the amount in

---

[1] We note that the entry of default judgment constitutes a final judgment and is directly appealable pursuant to OCGA § 5-6-34 (a) (1) without the filing of a motion to set aside the default. *See Brock Built City Neighborhoods, LLC v. Century Fire Protection, LLC*, 295 Ga. App. 205, 206 n.1 (671 SE2d 240) (2008).

2

which the defendant admits he may be indebted and it shall be verified as required by law.

Where a verified complaint is brought on an open account and the defendant's answer does not comply with the pleading requirements of OCGA § 9–10–112, the answer is properly struck. *See Harper v. Carroll Tire Co.*, 237 Ga. App. 767, 767 (516 SE2d 811) (1999).

An open account is defined as an account which has not been finally settled or closed, but is still running or open to future adjustment or liquidation[.] Open account, in legal as well as in ordinary language, means an indebtedness subject to future adjustment, and which may be reduced or modified by proof.

*Altacare Corp. v. Decker, Hallman, Barber & Briggs, P.C.*, 316 Ga. App. 718, 719 (730 SE2d 12) (2012).

A suit on open account is available as a simplified procedure to the provider of goods and services where the price of such goods or services has been agreed upon and where it appears that the plaintiff has fully performed its part of the agreement and nothing remains to be done except for the other party to make payment.

*Id*. (citations and punctuation omitted).

An action on open account may be brought for materials furnished and work performed. *See Watson* v. Sierra Contracting Corp., 226 Ga. App. 21, 27 (b) (485 SE2d563) (1997); *see also Hickey v. Kostas Chiropractic Clinics, P.A.*, 259 Ga. App. 222, 222 (1) (576 SE2d 614) (2003) (approving suit on open account for collection of unpaid amounts for chiropractic services). *Cf. Gator Exp. Serv., Inc. v. Funding Sys. Leasing Corp.*, 158 Ga. App. 92, 92-93 (3) (279 SE2d 332) (1981) (distinguishing suit brought to recover amounts due on written lease of forklift equipment from a suit on open account). A suit on account must be based either on an express or an implied contract. *See Watson*, 226 Ga. App. at 27 (b). However, nonpayment of the account is the only issue that is to be considered in a suit on account. *See Altacare*, 316 Ga. App. at 719. When there exists a bona fide dispute as to the amount due or the receipt of goods, open account is the wrong theory of recovery because such simplified action is for cases where a party seeks to recover what he justly and equitably is entitled to without regard to any special agreement as to payment. *Zampatti v. Tradebank Int'l Franchising Corp.*, 235 Ga. App. 333, 343–44 (10) (508 SE2d 750) (1998).

The question before us, then, is whether Scott's non-payment of amounts due under the installment contract for the automobile is the proper subject of a suit on account. We agree with Scott that it is not.

As a starting point, we note that Georgia's version of the uniform commercial code expressly distinguishes between commercial accounts and retail installment contracts. For instance, OCGA § 7-4-16 provides for a maximum rate of interest on a "commercial account," which it defines as "an obligation for the payment of money arising out of a transaction to sell or furnish, or the sale of, or furnishing of, goods or services[.]" Expressly excluded from this definition are so-called "retail installment transactions," which OCGA § 10-1-2 (a) (10) defines as "any transaction to sell or furnish or the sale of or the furnishing of goods or services evidenced by a retail installment contract or a revolving account." OCGA § 10-1-2 (a) (9) defines "retail installment contract" to mean "an instrument or instruments reflecting one or more retail installment transactions entered into in this state pursuant to which goods or services may be paid for in installments."

In this case, the contract at issue was a written retail installment contract for the purchase of an automobile. In addition to providing for a schedule of payments for the automobile, the contract provides a number of remedies to Prestige in the event

5

of non-payment by Scott, including rights to repossess the vehicle and the ability to sell the vehicle and apply the proceeds toward any unpaid amount. It is in these additional remedies (and additional requirements in law particular to contracts for the sale of automobiles) that the installment contract at issue deviates from our traditional understanding of what constitutes an open account.

As Scott notes in his brief, in addition to establishing the amount owed on the contract, in order to exercise its remedies under the contract and at law, Prestige must demonstrate compliance with the deficiency provisions of OCGA § 10-1-36[2] and

---

[2] OCGA § 10-1-36 provides as follows:

(a) When any motor vehicle has been repossessed after default in accordance with Part 6 of Article 9 of Title 11, the seller or holder shall not be entitled to recover a deficiency against the buyer unless within ten days after the repossession he or she forwards by registered or certified mail or statutory overnight delivery to the address of the buyer shown on the contract or later designated by the buyer a notice of the seller's or holder's intention to pursue a deficiency claim against the buyer. The notice shall also advise the buyer of his or her rights of redemption, as well as his or her right to demand a public sale of the repossessed motor vehicle. In the event the buyer exercises his or her right to demand a public sale of the goods, he or she shall in writing so advise the seller or holder of his or her election by registered or certified mail or statutory overnight delivery addressed to the seller or holder at

6

must bring forth proof that the sale of the repossessed automobile was commercially reasonable. Prestige alleges in its complaint that it complied with these requirements. *See Doughty v. Assoc. Commercial Corp.*, 152 Ga. App. 575, 575 (263 SE2d 493) (1979) (compliance with deficiency statute "is a condition precedent to recovery of any deficiency claim against a defaulting purchaser of a motor vehicle.").

Because this type of contract is not the appropriate subject matter for a suit on account, the requirement in OCGA § 9-10-112 that Scott verify his responsive pleadings does not apply to this action. *See Altacare*, 316 Ga. App. at 720. The trial

---

the address from which the seller's or holder's notice emanated within ten days after the posting of the original seller's or holder's notice.

(b) In the event of election of such public sale by the buyer, the seller or holder shall dispose of said repossessed motor vehicle at a public sale as provided by law, to be held in the state and county where the original sale took place, or the state and county where the motor vehicle was repossessed, or the state and county of the buyer's residence, at the seller's election.

(c) This Code section is cumulative of [OCGA § 11-9-101 et seq.] and provides cumulative additional rights and remedies which must be fulfilled before any deficiency claim will lie against a buyer, and nothing herein shall be deemed to repeal said part.

court therefore erred in granting Prestige's motions to strike and for judgment on the pleading and in entering a default judgment on that basis. We therefore reverse the orders of the trial court and remand this case for further proceedings consistent with this opinion.

2. As we agree with Scott that Prestige's motions to strike and for judgment on the pleadings should not have been granted and that the trial court's entry of default judgment was therefore improper, we need not address Scott's remaining enumeration of error.

*Judgment reversed and case remanded. Ellington, P. J., and Senior Appellate Judge Herbert E. Phipps, concur.*